## FISHER *vs*. THE STATE.

[INDICTMENT FOR GRAND LARCENY.]

1. *Indictment; on what defendant can not be convicted of larceny.*—On an indictment for breaking and entering a dwelling house *with intent to steal,* the defendant cannot be convicted of larceny.

2. *Same; what proceedings do not put defendant in jeopardy.*—If on the trial of the defendant under such an indictment, the jury return a verdict of guilty, for grand larceny, the verdict is a nullity, and no judgment can be entered upon it, and the defendant may be indicted for the larceny, notwithstanding said verdict; and a plea, in the nature of a plea of *autrefois convict,* based on said verdict, to an indictment for the larceny, is bad on demurrer. The defendant was not, in legal contemplation, put in jeopardy by said verdict.

3. *Plea of not guilty; error to proceed to trial without.*—After a demurrer to such a plea is sustained, it is error to proceed with the trial without a plea of not guilty, pleaded by the defendant, or entered for him by the court.

4. *Possession of stolen property, charge to jury as to; what charge should be given.*—If the evidence against the defendant on the trial is, that a watch, charged to have been stolen, was in his possession, shortly after the larceny was committed, it is error on the part of the court to

Fisher v. The State.

refuse to charge the jury, on the defendant's request, "that the mere possession of the watch is not conclusive evidence that he stole it," for which the judgment will be reversed, on appeal.

APPEAL from City Court of Mobile.
Tried before Hon. C. F. MOULTON.

At the February term (1871) of the city court of Mobile, the defendant was indicted for grand larceny, and at the same term was tried, found guilty, and sentenced to the penitentiary for five years.    The defendant pleaded a special plea to the indictment, in the nature of *autrefois convict*.   This plea alleges, in substance, that at the February term (1871) of the city court of Mobile, [the same term at which this indictment was found, and the trial and conviction had thereon], the following indictment was found against the defendant, which was properly returned into court, &c., to-wit:

"STATE OF ALABAMA, MOBILE COUNTY—*City Court, February Term*, 1871 :—The grand jury of said county charge, that before the finding of this indictment, John Wilson, sometimes called Reynolds, sometimes called Kennedy, broke into and entered the dwelling house of Charles Leach, *with intent to steal*, against the peace and dignity of the State of Alabama.           M. B. JONA, Solicitor."

The plea further alleges that upon this indictment defendant was put upon trial, on issue joined on plea of not guilty, before a jury of twelve good and lawful men, duly sworn and charged, &c.; that both parties examined witnesses, &c.; that after evidence closed, the presiding judge charged the said jury, among other things : "That if they did not find defendant guilty of burglary, they might lawfully go on and ascertain from the evidence whether the defendant was guilty of grand larceny, and if they should believe from the evidence that defendant was guilty of grand larceny, they might lawfully render a verdict under said indictment" ; and, thereupon, under said charge, as the law of the case, the jury returned a verdict in the following words : " We, the jury, find the defendant guilty of grand larceny, as charged in the indictment, and we

further find that defendant shall be sentenced to hard labor for the county"; that said verdict and sentence is still of force and unreversed; and that the offense of grand larceny, for which defendant was thus convicted, and that with which he now stands charged, are in law and fact the identical offense, and not another or different offense.

The court sustained a demurrer to this plea, and, in doing so, " remarked that it would decline to pass sentence upon the verdict of the jury, rendered on the trial for burglary, inasmuch as the verdict so rendered was a nullity."

The bill of exceptions then states : " After the ruling of the court upon the demurrer to the plea, the cause proceeded to trial."

The evidence shows that early in December, 1870, the house of Leach, the owner of the property stolen, was entered, and a watch worth thirty-five dollars and some clothes worth seventy-five dollars, belonging to him, were stolen.

The evidence also tended to show that early in the same month, the accused, about ten o'clock at night, called one Meader out and offered to sell him the watch for fifteen dollars, but finally sold it for ten dollars. Meader sold the watch to one Pedal, who returned it to the owner ; and on the trial the watch was identified as the one sold by the accused, and the property of Leach. There was an attempt on the part of the State to prove a confession, but this need not be further noticed. No evidence was offered on behalf of the prisoner. The bill of exceptions does not purport to set out all the evidence.

After the general charge to the jury, the accused asked the court to charge the jury "that the mere possession of the watch is not conclusive evidence that the defendant stole it." This charge the court refused, and defendant excepted.

The errors assigned are—

1. Sustaining the demurrer to the plea.

2. Refusing the charge asked.

L. H. FAITH, for appellant.

ATTORNEY GENERAL, *contra.*

(No briefs came into Reporter's hands.)

PECK, C. J.—The court below committed no error in sustaining the demurrer to the special plea in the nature of a plea of *autrefois convict.* The former indictment, set out in said plea, was for burglary *merely,* by breaking and entering the dwelling house *with the intent to steal.* Under that indictment, the defendant could be convicted of burglary *only,* but he could not be acquitted of the burglary, and convicted of a larceny, for the plain reason that the indictment did not charge a larceny.

If the indictment had been for burglary, charging a stealing of goods, then there might have been an acquittal for the burglary, and a conviction for the larceny.

The reason for this difference in the two cases is, in the first case, the indictment is for burglary, *with intent to steal, only,*—no larceny is charged; but in the second case, both burglary and larceny are charged. Therefore, the defendant may be acquitted of the burglary and convicted of the larceny.

In such a case, if there is an acquittal of the burglary and conviction of the larceny, it is a good defense against a subsequent prosecution for either offense, and *e converso.*

In Hale's Pleas of the Crown, vol. 2, p. 246, it is said, " If A commit a burglary, and likewise, at the same time, steal goods out of the house, if he be indicted of larceny for the goods, and acquitted, yet he may be indicted for the burglary, notwithstanding the acquittal. And *e converso,* if indicted for the burglary, and acquitted, yet he may be indicted of the larceny, for they are several offenses, though committed at the same time. And burglary may be where there is no larceny, and larceny may be where there is no burglary."

In Russell on Crimes, vol. 1, § 39, note, speaking of these paragraphs in Hale, it is said, an acquittal on burglary, *charging a stealing of goods,* is a good bar to an indictment for stealing the same goods, for, on the indict-

ment for the burglary, he might have been acquitted of the burglary and convicted of the larceny *only.* And although it is said in 2 Hale, 246, that if a man " be indicted for burglary, and acquitted, yet he may be indicted·for the larceny, for they are several offenses, though committed at the same time," yet this must be intended of an indictment for burglary *with intent to steal the goods,* as is evident from the words which follow : "And burglary may be where there is no larceny, and larceny may be where there is no burglary."

On the trial of the former indictment, set out in the plea in this case, which charged a breaking and entering of the dwelling house, *with intent to steal, merely,* but not a breaking and entering and a stealing of goods, the court charged the jury that " if they should not find said defendant guilty of the offense of burglary, they might lawfully go on and ascertain from the evidence whether he, said defendant, was guilty of grand larceny ; and if they should believe from the evidence that the defendant was guilty of grand larceny, that they might lawfully render a verdict of grand larceny under said indictment." Thereupon the jury returned a verdict in the following words : ·'We, the jury, find the defendant guilty of grand larceny, as charged in the indictment, and we further find that the defendant shall be sentenced to hard labor for the county."

No objection was made to this verdict, by the State or the defendant, but it was received and recorded by the court, and the said plea avers that it stands unreversed, unrepealed, and not set aside, and not vacated.

This verdict was a mere nullity ; it had no indictment to support it. The offense of grand larceny was not included in the indictment for breaking and entering the dwelling house *with the intent to steal, merely,* which is the indictment set out in defendant's plea, and the indictment on the trial of which the said verdict was rendered.

It can hardly require an argument to prove that a verdict in a criminal case that has no indictment to support it, is a mere nullity. In such a case the defendant cannot be said to be put in jeopardy for the offense named in such

verdict, in the sense of that word as used in the b ooks, or as employed in the constitution, any more than when he is put upon his trial on a defective and insufficient indictment. In a loose and incorrect sense, a defendant may be said to be in jeopardy in both cases, as in that sense a party arrested on a criminal charge may be said to be in jeopardy even before indictment found.

The verdict returned as aforesaid, on the trial of the former indictment, being a nullity, the defendant cannot plead it in bar of the trial for the larceny charged in the indictment in this case, although the larceny named in said verdict, and the larceny charged in this case, be averred to be the same.

After said verdict was returned as aforesaid, the court no doubt discovered that the law had been misapprehended in the charge given to the jury, and that said verdict was a nullity; and for that reason, and correctly, refused to render any judgment upon it, and as the record shows no judgment has, in fact, been rendered upon it, and it is very clear no judgment can hereafter be rendered upon it, consequently the defendant has not in any legal sense been put in jeopardy by reason of said void verdict, and so far as we can see he has not been and can not be injured by it.

We therefore hold, that said special plea of *autrefois convict*, discloses no legal defense or bar to the present indictment for the larceny therein charged, and that the demurrer to said plea was correctly sustained.

Hale says, and cites 4 Coke's Rep. 44–45, Vauxe's case, that *autrefois convict or autrefois acquit*, by verdict, &c., is no plea in any case, unless judgment be given upon the conviction or acquittal.—2 Hale's Pleas of the Crown, 248.

But we do not rest our opinion upon this rule, but upon what we consider a better reason, to-wit: that the defendant was not put in jeopardy in any legal sense by said void verdict.

2d. After the demurrer was sustained, the State proceeded with the trial of the defendant, without any plea of not guilty, pleaded by him or entered for him by the court.

This was an error for which the conviction, and the judgment and sentence of the court below, must be reversed.

There can be no trial on the merits, in a criminal case, until the defendant has pleaded not guilty, or this plea has been entered for him by the court.—1 Bish. Crim. Proceed. § 468 ; *Sartorious v. The State,* 24 Miss. 602, and *Slocovitch v. The State,* present term.

3d. The charge asked by the counsel of the accused, "that the mere possession of the watch is not conclusive evidence that he stole it," we think was improperly refused. Possession by the accused, in a prosecution for larceny, of the articles stolen, soon after the larceny was committed, raises a reasonable presumption of guilt.— *The State v. Otis S. Merrick,* 1 Lead. Crim. Cases, 360. In this case the court say, "evidence of this nature is by no means conclusive, and it is stronger or weaker as the possession is more or less recent."

As this charge stated the law correctly, on the evidence in this case, the defendant had a right to have the jury so charged.

The judgment and sentence of the court below are reversed, and the cause is remanded for further proceedings, and the defendant will remain in custody until discharged by due course of law.