## STATE v. EUGENE DAVIS.

(Decided April 10, 1900.)

*Disturbing Religious Congregation—Congregation Dispersed —Demurrer Ore Tenus.*

An indictment for disturbing a religious congregation will not lie, and a demurrer *ore tenus* should have been sustained, when the State's evidence showed that the services (held at night) had been concluded for ten minutes, the lights were out, and the congregation dispersed.

INDICTMENT for disturbing a religious congregation at Mt. Pleasant church in Surry County, tried before *Shaw, J.,* at October Term, 1899, of the Superior Court of said county.

After the State had examined all its witnesses and rested its case, the defendant demurred thereto *ore tenus.* His

Honor overruled the demurrer, and charged the jury, if they believed the evidence, to pronounce a verdict of guilty, which they did. Defendant excepted and appealed from the judgment pronounced.

The evidence, as agreed upon, is stated in the opinion.

*Attorney-General,* for the State.

*Messrs. Virgil E. Holcomb,* and *James B. McGuffin,* counsel for defendant.

MONTGOMERY, J. The defendants were indicted for disturbing religious worship.

The defendants demurred to the evidence which was as follows: "That religious services which were held at night, had adjourned and been adjourned ten minutes, and the congregation had left the house, some were in the church yard, some in the road thirty or forty yards away, and some had left or were in the act of leaving, and some had gone home. One witness testified that he was on the door-steps of the church at the time the alleged disturbance began; the defendants were in the road, and were under the influence of liquor, but were not drunk; that the defendants cursed loudly and abused each other, one of them drew or threatened to draw his knife, another one threatened to shoot. This continued for several minutes, and the crowd was considerably excited, and ran in different directions, especially the ladies. The defendants were finally quieted down, and persuaded by friends to leave. There were no lights in the church when the disturbance took place." The demurrer was overruled, and the defendants excepted and appealed.

There was error in the ruling of his Honor overruling the demurrer. The congregation had assembled, had worshiped and had dispersed, except those who loitered, probably to dis-

STATE *v.* DAVIS.

cuss other matters than the religion of the Nazarene. In *State v. Ramsey*, 78 N. C., 448, the congregation had begun to assemble, and a number, from ten to thirty, were in the church, and their minister in his place in the pulpit when the disturbance occurred.    There the defendant's counsel requested the Court to charge the jury that to constitute the offense of disturbing divine worship the congregation must, when disturbed, be actually engaged in acts of religious worship.    The instruction was refused, and his Honor told the jury that if the congregation were assembled for the purpose of worship, and were prevented therefrom by the disturbance, the offense would be sufficiently proved as charged. That instruction was approved by this Court, and in the opinion it was said: "It can make little difference whether the liberty of public worship is denied by conduct which breaks up and disperses a body met for religious purposes and just about to enter upon its duties; or the congregation is interrupted only during its devotions, and not wholly prevented from performing them."

In *State v. Bryson*, 82 N. C., 576, this Court said: "The evidence did not establish the fact of the people being assembled for worship at the time of the loud talking of the defendant, but showed merely that they were in process of coming together.    It showed that the congregation was not gathered together in the house where the worship was to be engaged in, but some were in the house, and some outside. In our opinion the people, or some considerable number, must be collected at or about the time when the worship is about to be commenced, and in the place where it is to be had, in order to make a disturbance which will make them indictable. It may then be said the congregation is assembled for worship and the protection of the law then extends to them."

But in the case before us there had been no disturbance

while the congregation was assembling, or during the entire time of the worship. The people had met and had enjoyed free and full church services without interruption. The services had been concluded ten minutes before the disorderly conduct of the defendants had occurred; the lights in the church had been extinguished, and the congregation had dispersed; some had gone home, some were in the road thirty and forty yards away, and some were in the act of leaving. The principle which is at the bottom of our legislation, and the adjudications of this Court on the subject we have been discussing, is plainly the right of each religious denomination to assemble and worship God according to the dictates of their consciences, and to be protected by law in the enjoyment of that right. This congregation had enjoyed that right to its fullest extent, and while the conduct of the defendants was grossly reprehensible, yet the arm of the law can not be invoked against them for disturbing religious worship. We have no doubt, however, that if a person should indulge in loud and continued swearing and cursing in the presence of a religious congregation in the act of dispersing after religious services are over, or before it is begun, the parties would be indictable at common law as for a public nuisance. *State v. Kirby,* 5 N. C., 254; *State v. Eller,* 12 N. C., 267. If it be that the parties in this case drew their knives on each other within striking distance, and threatened to use them, of course they would be indictable for the assault.

Error.