STATE v. ROBERSON.

(Filed October 4, 1904).

1. LICENSES—*Indictment—Emigrant Agent—Acts 1903, ch. 247, sec. 74—The Code, sec. 1183.*

> Where a statute makes it a crime to "engage in the business of procuring laborers," etc., it is sufficient to charge in the indictment that a person "engaged in procuring laborers," etc.

2. LICENSES—*Taxation—Police Power—Const. N. C., Art. V, sec. 3.*

> Acts 1903, ch. 247, sec. 74, taxing persons engaged in the business of procuring laborers for employment outside the state, is a valid exercise of legislative power to tax trades and professions, and is not a police regulation.

3. TAXATION—*Licenses—Constitutional Law.*

> A tax on the business of procuring laborers for employment outside the state being an exercise of the power of the state to levy taxes, the amount is not reviewable by the courts.

INDICTMENT against J. W. Roberson, heard by *Judge Frederick Moore* and a jury, at April Term, 1904, of the Superior Court of FRANKLIN County. From a judgment of guilty upon a special verdict, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Day & Bell, T. B. Womack* and *Murray Allen,* for the defendant.

CONNOR, J. The defendant was indicted for violating section 74, chap. 247, Acts 1903, in the following words: "The jurors for the State, upon their oath, present: That J. W. Roberson, late of the county of Franklin, at and in said county * * * did engage in procuring laborers for employment out of the State without having first paid

the license tax," etc., etc. The defendant made a motion in this Court to arrest the judgment for defect in the bill of indictment, in that it did not charge that the defendant *engaged in the business of procuring laborers,* etc.

The statute is in the following words: "On every emigrant agent or person engaged in procuring laborers for employment out of this State an annual license tax of one hundred dollars for the State and one hundred dollars for the county for each county in which such agent or person does business, the same to be collected by the sheriff. Any person engaging in this business without first paying said tax shall be guilty of a misdemeanor," etc. It is insisted by defendant's counsel that the statute is enacted and must be sustained under the power conferred upon the Legislature to tax trades, professions, franchises and incomes. Const., Art. V, sec. 3. That this section does not empower the Legislature to impose a tax upon the single act of procuring laborers, etc., but upon the business of doing so. That the last clause of the statute makes "engaging in this business" a misdemeanor, and that the charge in the bill must be as broad as the language of the statute. The well-prepared brief cites a number of authorities sustaining this position. We do not question its correctness, and if the bill upon a reasonable construction simply charges a procuring of laborers, etc., the motion should be allowed. We are of the opinion, however, that the words "engaged in procuring laborers," etc., is equivalent to the charge of engaging in the business, etc. To say that one is engaged in an occupation signifies much more than the doing of one act in the line of such occupation. It is an expression in common use, and well understood, that one is engaged in merchandizing or in practicing law. Webster's International Dictionary defines— "Engage": "To embark in a business; to employ or involve oneself; to enlist." Century Dictionary: "To occupy one-

self; be busied." 11 Am. & Eng. Ency. (2 Ed.), 33. To charge that the defendant "did keep a ten-pin alley" was held not to be equivalent to charging that the defendant engaged in the business of keeping a ten-pin alley. *Eubanks v. State,* 17 Ala., 181. If the charge had been that the defendant engaged in keeping a ten-pin alley we think the bill would have been sustained. The motion in arrest of judgment is supported by a well-considered brief and oral argument to which we have given due consideration. For the reasons given, and in obedience to the provisions of section 1183 of The Code, we think the bill sufficiently charges the offense. The motion must be denied.

The jury found for their special verdict "That in the month of February in the year 1904, the defendant J. W. Roberson did engage in the business of procuring laborers for employment out of the State, to-wit, for one R. H. Jones in the State of Georgia, without having paid or offered to pay the license tax, either to the State or county, required by section 74 of chap. 247, Acts 1903. The Court upon the special verdict adjudged the defendant guilty and pronounced judgment, to which he excepted and appealed. His first exception is based upon the contention that the tax imposed by the statute "is unreasonable, excessive, restrictive and prohibitive." It is conceded, and we have no difficulty in holding, that the statute is an exercise of the power to tax trades, professions, etc., and not a police regulation. The brief of the defendant seems to suggest that this Court in *State v. Moore,* 113 N. C., 697, 22 L. R. A., 472, held that the tax of $1,000 imposed by Acts of 1891 was void because excessive and prohibitive. A careful examination of the very able and well considered opinion of *Chief Justice Shepherd* clearly shows that the Court held that if the statute was to be construed as a measure for raising revenue it was invalid because the tax imposed was not uniform—applying only to

certain counties. If to be construed as an exercise of the
police power, the amount of the license fee was restrictive
and prohibitory. The *Chief Justice* says that in the opinion
of the Court it was a tax. Holding as we do, that the act of
1903, being section 74 of the Revenue Act, and a part of
"Schedule B," which expressly declares that the taxes im-
posed are license taxes "for the privilege of carrying on the
business or doing the act named," we regard the questions
raised by the defendant's first exception as settled by the
decision of this Court in *State v. Hunt,* 129 N. C., 686,
85 Am. St. Rep., 758, rendering it unnecessary to do more
than refer to the opinion of the Court as written by the pres-
ent *Chief Justice* and concurred in by *Justices Montgomery*
and *Douglas.* It is true that the tax imposed by the statute
under review in that case was twenty-five dollars, and in
the case before us one hundred dollars. We would have no
difficulty in holding that, in the absence of any evidence or
finding in the special verdict as to the number of persons
who might be employed as laborers, the extent of the business
or the profits to be made, the tax imposed was not unreason-
able or excessive. We do not wish to be understood as inti-
mating that this Court has any power to declare a revenue
measure, otherwise constitutional, invalid because of the
amount of tax levied. When the Constitution confers upon
the Legislature the power to levy taxes, the amount of the
tax to be levied is committed to that department of the gov-
ernment and not open to review by the judicial department.
We may inquire into the question of *power,* but not as to
the manner of its exercise. In an exhaustive and very able
opinion written by *Mr. Justice White* in *McCray v. The
United States,* 195 U. S., 27, he says: "Since the taxing
power conferred by the Constitution knows no limits except
those expressly stated in that instrument it must follow, if
a tax be within the lawful power, the exertion of that power

may not be judicially restrained because of the result to arise from its exercise." The other exceptions have been disposed of by the decision in *State v. Hunt, supra,* citing *Williams v. Fears,* 179 U. S., 270. We refrain from discussing the question from the standpoint of an exercise of the police power for the reason suggested in the concurring opinions in Hunt's case. For the reasons stated there is

No Error.