CARR v. COMMISSIONERS.

(Filed October 4, 1904).

LICENSES—*Constitutional Law—Acts 1903, ch. 247.*

> Acts 1903, ch. 247, sec. 74, imposing a license tax on emigrant
> agents, does not apply to a person who comes into this state
> and employs laborers to work for him in another state.

ACTION by H. C. Carr against the Commissioners of Duplin County, heard by *Judge Frederick Moore,* at August Term, 1904, of the Superior Court of DUPLIN County. From a judgment for the plaintiff the defendant appealed.

*Rountree & Carr,* for the plaintiff.
*Carlton & Williams* and *Shepherd & Shepherd,* for the defendant.

CONNOR, J.   The parties submitted the decision of this case to the Court upon a case agreed.   The material facts are: The plaintiff is and has been for five years a resident of Harrison County in the State of Mississippi.   He is a producer and manufacturer of naval stores and a dealer in general merchandise.   He came to this State during the month of December, 1903, and during the first week in January, 1904, employed and carried with him to the State of Mississippi, to work in his own turpentine business on his own place in said State, ten or twelve laborers.   Before taking the laborers away the sheriff of Duplin County required him to pay "an emigration tax," which was paid under protest and to avoid being detained and interrupted in his business.   None of the laborers were used or employed in any other business than his own, and were not carried to Mississippi for any other purpose.   The plaintiff received no

consideration or compensation for carrying the laborers out of the State from any person and is not engaged in the emigration business as such. He has not solicited laborers to leave this State to be employed in any business save his own, and at the time he paid for the license it was not his purpose to carry laborers from North Carolina, except to be used in his own business and under his personal direction. Within thirty days after paying the tax ($200) he demanded in writing of the proper State and county officers that said amount be refunded to him in accordance with section 30, chapter 558, Acts 1901. More than ninety days have elapsed since making the demand. The case was tried by *Moore, J.,* upon an appeal from the Justice of the Peace. Judgment was rendered for the plaintiff, and the defendant appealed.

The money sought to be recovered in this action was demanded by the sheriff pursuant to the provisions of section 74, chapter 247, Acts 1903, imposing a license tax upon "every emigrant agent or person engaged in procuring laborers for employment out of this State." This statute is a part of the Revenue Act of 1903, and has been uniformly held to be imposed pursuant to the power conferred upon the Legislature to tax trades, professions, etc. *State v. Moore,* 113 N. C., 697, 22 L. R. A., 472; *State v. Hunt,* 129 N. C., 686; 85 Am. St. Rep., 758; *State v. Roberson,* at this term, 136 N. C. In these cases it was found by the jury, as a part of their special verdict, that the defendant was engaged in the business of procuring laborers for some other person or corporation. To so construe the statute as to include a person coming here from another State, and making contracts of employment with laborers for himself and in his own business to go out of the State, would present grave and serious constitutional objections. We prefer, as being more reasonable and consistent with the language of the act to

adopt the construction put upon the same language by the Supreme Court of Georgia. In *Theus v. State,* 114 Ga., 53, *Lewis, J.,* says: "The legislative enactment imposing a tax upon emigrant agents, and providing a penalty for the failure to register and pay such tax, was clearly intended to apply to persons who, as agents of others, make it their business to hire laborers in this State to be sent beyond the limits of the State and then employed by others. To extend its application to a resident of another State, who, being in this State, incidentally employs laborers on his own behalf to work for him beyond the limits of this State, would be entirely unwarranted." We fully concur in this construction of the statute. Thus construed, the constitutional objections do not arise. The judgment of his Honor upon the case agreed must be

Affirmed.