STATE v. SHEPPARD.

(Filed March 21, 1905.)

*Licenses—Putting up Lightning Rods—Carrying on Busi-
ness—Surplusage in Indictment.*

1. Where, on an indictment for carrying on the business of putting up
   lightning rods without license, as required by section 47 of Rev-
   enue Act of 1903, chap. 247, the evidence tended to show that
   the defendant, after the rods were sold by another, delivered
   them and put them up, an instruction that defendant would
   be guilty if he had more rods in his possesion than were neces-
   sary to rod the house in question, was erroneous.

2. The possession of more rods than were necessary to rod a particular
   house is not of itself a violation of the statute, though it may
   have been a circumstance to be considered, tending to show that
   defendant was carrying on the business.

3. The statute does not require a license for a single act of putting
   up lightning rods, but for "carrying on the business" of putting
   up rods.

4. An averment that defendant "sold" lightning rods is surplusage in
   an indictment for violation of the statute, which requires a
   license for carrying on the business of putting up rods.

INDICTMENT against A. J. Sheppard, heard by *Judge G.
S. Ferguson* and a jury, at the September Term, 1904, of
the Superior Court of WAYNE County.

The defendant was indicted for selling and unlawfully
putting up lightning rods without having obtained a license
as required by the Act of 1903, ch. 247, sec. 47.

The sheriff testified that the defendant had not obtained
a license to put up or sell lightning rods in the County of
Wayne; that the defendant was requested to do so, but said
he was "not under the law," and that his manager was lo-
cated at some point in this State.

W. S. Casey testified that he did not purchase any rods

from the defendant; that he carried them to his house and put them up, and the men worked under his direction; that the defendant had the agreement which showed with whom the trade was made; that he brought the agreement which was in writing when he brought the rods; that the rods were in a long box and he had more than enough to put on his house. The witness had a guarantee from Cole Bros.,; the defendant said that they did business in Indiana.

The defendant testified that he was the agent for Cole Bros., in putting up rods; the main office was in St. Louis, Mo., and the factory in Indiana. The contract was introduced, for sale of rods between J. L. Harris, agent for Cole Bros., and Casey; his orders from the management were not to pay taxes; they take orders for future delivery, which are sent by H. T. Day to Cole Bros. for shipment, and on arrival they take them out of the depot and place them for persons giving the orders. The witness solicited J. C. Winn to put up the rods—put up old ones for him. The witness did not sell or put up rods for Winn.

His Honor instructed the jury in part as follows: "That if from the evidence you believe that the defendant had more rods in his possession than were necessary to rod and complete the work on Casey's house, then it will be your duty to bring in a verdict of guilty." The defendant excepted and from a judgment on the verdict appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Gilliam & Gilliam* and *Dortch & Barham* for the defendant.

CONNOR, J., after stating the case: The defendant is indicted for selling and putting up lightning rods without first having obtained a license, as required by sec. 47 of the Revenue Act—chap. 247, Laws 1903—which is in the following words: "On every person or company who puts up light-

STATE *v.* SHEPPARD.

ning rods twenty-five dollars annually for each county in which he carries on business or sells lightning rods." It is declared by the Revenue Act that the tax shall be "imposed for the privilege of carrying on the business or doing the act named." The evidence tends to show that after Cole Bros. had, pursuant to a written contract made with Casey through another person as their agent, sold to him certain lightning rods, the defendant delivered them and superintended the hands in putting them up. This of itself falls far short of showing that the defendant carried on the business of putting up rods, being the business for the carrying on of which the license is required by the statute. While it is true that in construing Revenue Laws, requiring a license for carrying on certain trades, or practicing professions, evidence of one or more acts is competent to be considered by the jury, they are not *per se* conclusive evidence to sustain the charge. It is true that the defendant says he is agent for Cole Bros., under the management of H. T. Day in putting up rods. It may be that, in the light of the entire evidence, the jury may under proper instructions have found that he was "carrying on the business." The only test so far as the record shows, which His Honor applied, was whether he had more rods in his possession than were necessary to rod Casey's house; if so, he was guilty. This fact if found by the jury may have been a circumstance to be considered, tending to show that he was carrying on the business. It was not of itself any violation of the statute to have more rods than were necessary to rod the particular house.

The contract made with Casey by Cole Bros. was to deliver "sufficient 5-8 * * * rods." The fact that they sent more than were necessary for that purpose could not make the defendant guilty.

It may be that the entire charge is not set out and that the judge explained the law fully to the jury. However this may be, the portion sent up is, we think, erroneous.

The language of the statute is far from clear, but we think it .sufficiently appears, when read in the light of the other sections, that it was not intended to require a license for a single act of putting up lightning rods, but for carrying on the business of putting up rods. This clearly appeared from the special verdict in *State v. Gorham*, 115 N. C., 721. The court, by *McRae, J.,* says that the defendant was an "itinerant putting up lightning rods." *State v. Roberson,* 136 N. C., 587. The averment that he *sold* lightning rods is surplusage. It would be safer for the solicitor to follow the language of the statute which requires a· license for carrying on the business of putting up rods.

We do not deem it necessary to discuss the other questions raised by counsel. For the error pointed out there must be a
New Trial.