LANE v. COMMISSIONERS.

(Filed November 7, 1905).

*Taxation—Emigrant Agents—Officer of Foreign Corporation.*

An officer of a foreign corporation coming into this State and hiring
hands for employment by himself as the officer of the corporation,
is not "engaged in the business of hiring hands," etc., and is not
liable for the tax on emigrant agents, under Revenue Act of 1905.

ACTION by C. W. Lane against Board of Commissioners
of Rowan County, heard by *Judge R. B. Peebles,* upon an
agreed statement of facts, at the August Term, 1905, of the
Superior Court of ROWAN County.

Civil action begun in justice's court and, upon appeal,
heard in the Superior Court on an agreed statement of facts:
The plaintiff is and was at the times hereinafter mentioned,
a resident of the State of Virginia. He is and was at said
times one of the four stockholders, and a director and the
secretary of Lane Bros. Co., a corporation doing railroad
construction work in the States of Virginia and West Vir-
ginia. The work of the company at   *   *   *   West Vir-
ginia, is and was at said times, under the immediate control
and management of the plaintiff. He alone hired employees
to labor for the company at   *   *   *   West Virginia, and he
alone had authority to discharge them. The three other
members of the company severally had entire charge of the
construction work in three different places in said States.

On July 18, 1905, the plaintiff was in Rowan County,
North Carolina, and then and there procured laborers for em-
ployment for Lane Bros. Co., to work under himself at   *   *
West Virginia, on certain railroad construction, which he
superintended and managed for the company. None of the
laborers were used or employed in any other business, or

under the management of any person other than the plaintiff. The plaintiff came to Rowan County for this purpose. They were not carried to West Virginia for any other purpose. The plaintiff received no consideration or compensation for carrying the laborers out of the State, from any person or corporation. He received as such manager and secretary, a regular salary from Lane Bros. Co., and the company paid the transportation of the laborers to West Virginia. He has not solicited laborers to leave this State to be employed in any business, and under no management except as above.

At the time he paid the emigration license tax, as hereinafter set forth, it was not his purpose to carry laborers from North Carolina, except to be used as above, and under his personal direction. The plaintiff is not an emigrant agent unless the above facts constitute him such. Before taking the laborers away, the sheriff of Rowan County required him to pay an emigration license tax of $200. (Sec. 74, chap. 588, Acts 1905). The tax was paid under written protest, and to avoid being detained and interrupted in his business, the plaintiff contending that the collection thereof was illegal, invalid and unauthorized, and that the tax impairs the privileges and immunities of the citizens of one State in another State. Within thirty days after paying the $200 license tax, he demanded in writing of the proper State and county officers, that the amount be refunded to him in accordance with sec. 30, chap. 558, Public Acts 1901, and the officers refused to refund it or any part thereof. From a judgment for the plaintiff, the defendant appealed.

*Overman & Gregory* for the plaintiff.
*T. C. Linn* for the defendant.

CONNOR, J., after stating the case: The defendants contend that the facts set forth brings the case within the decision in *State v. Roberson*, 136 N. C., 587. It will be noted

that the jury in that case found by a special verdict that the defendant "did engage in the business of procuring laborers for employment out of the State, to-wit: for one R. H. Jones, in the State of Georgia, without having paid," etc. This finding brought the defendant clearly within the language and spirit of the statute.

This case, in our opinion, comes within the principle of *Carr v. Commissioners,* 136 N. C., 125—the only difference between the two cases being that in one the plaintiff hired hands for himself, while in the other he hired for a corporation of which he was director and manager, in respect to the work for which the hands were employed. In neither case can it be said the plaintiff was "engaged in the business of hiring hands," etc. We cannot perceive any distinction between the cases because of this difference. As we said in both cases (following *Moore's case,* 113 N. C., 697; 22 L. R. A., 472; and *Hunt's case,* 129 N. C., 686; 85 Am. St. Rep. 758), the statute is a revenue measure imposing a tax upon the business of hiring hands, etc. Its validity can be sustained only upon this view. We do not intend to hold that a corporation, engaged in business in another State, may employ an agent to come into this State and "engage in the business" of hiring hands without being amenable to the tax. We simply hold that an officer of a foreign corporation, coming here under the circumstances set forth in this record, and hiring hands for employment by himself, as the officer of the corporation, is not "engaged in the business," etc. It may be difficult to draw the line in advance, so as to make the demarkation clear. We can only decide each case as it comes to us, keeping in view the general principle announced in *Moore's case,* and in *Hunt's case, supra.*

We concur with His Honor. The judgment must be

Affirmed.