STATE v. IRA HOOKER.

(Filed 11 December, 1907).

1. **Indictment—Surplusage.**
      In an indictment charging the "breaking and entering a storehouse, shop, etc., where any merchandise, chattel, etc., or other personal property shall be," etc. (Revisal, sec. 3333), with the additional words, "with intent to commit larceny," the additional words are surplusage.

2. **Same—Surplusage—Proof—Harmless Error.**
      When the indictment correctly charges the offense, and has additional words therein which are surplusage and unnecessary to be proven, any proof offered thereof is irrelevant and harmless.

3. **Same—Same Offense—Different Offense.**
      While one cannot again be put in jeopardy for the same offense, the offense is not the same when some indispensable element in the charge in the indictment of the one is not required to be shown in the other.

4. **Same.**
      An acquittal on prosecution for larceny will not bar a subsequent prosecution for breaking and entering to commit larceny.

5. **Same—Remarks of Counsel—Prisoner Not Being Witness.**
      It is not a criticism upon the failure of defendant to go upon the stand for the Solicitor to comment to the jury that none of the State's witnesses had been contradicted, especially so when the trial Judge instructed the jury not to consider it to defendant's prejudice.

CRIMINAL ACTION, tried before *Webb, J.,* and a jury, at August Term, 1907, of the Superior Court of MOORE County.

The defendant was charged with breaking and entering the storehouse of W. M. Rogers & Co., and, upon conviction, appealed.

The facts sufficiently appear in the opinion of the Court.

*Assistant Attorney-General Clement* for the State.
*R. L. Burns* for defendant.

CLARK, C. J.   The defendant was acquitted of a charge of stealing certain articles.   He was later tried and convicted, under Revisal, sec. 3333, of breaking and entering a store where those articles were kept, with intent to steal the same. The defendant's first three exceptions are to evidence as to those articles being in the store, and to any evidence tending to show that the defendant took them, this being offered, not to show the larceny, but to show that the breaking and entering the storehouse, which was proven, was with intent to commit larceny.

Revisal, sec. 3333, makes it indictable to "break and enter a storehouse, shop, etc., where any merchandise, chattel, etc., or other personal property shall be."   The addition in the indictment of the words "with intent to commit larceny" was surplusage, hence unnecessary to be proven, and any proof offered of intent to steal was merely irrelevant and harmless.

But if it were otherwise the exceptions could not be sustained.   The charge of larceny of the articles, of which the defendant had been acquitted, and that of "breaking and entering with intent to steal," are distinct offenses, but it was competent, in order to show the intent to steal, to prove that the defendant took the articles.   *Ruffin, C. J.,* in *State v. Jesse,* 20 N. C., 108, citing Hale P. C., 560; Arch. Cr. Pl., 260.   The previous acquittal protects him from being tried

again for the same offense, but it is not an estoppel on the State to show the same facts if, in connection with other facts, they are part of the proof of another and distinct offense. This has been often held. *State v. Jesse,* 20 N. C., 98; *State v. Birmingham,* 44 N. C., 120; *State v. Revels, ib.,* 200; *State v. Nash,* 86 N. C., 650. The evidence in the trial for larceny would not have supported a verdict on this charge of breaking and entering, and, though some of the facts in that case must be used in this case, they are different offenses. In *State v. Nash, supra, Ruffin, J.,* says: "To support the plea of former acquittal, it is not sufficient that the two prosecutions should grow out of the same transaction, but they must be for the same offense—*the same both in fact and in law.*"

In *State v. Lytle,* 138 N. C., 740, the Court showed that it was possible that selling the same glass of liquor, in an unusual combination of circumstances, might be put in evidence as one of the essential facts in proving five separate and distinct offenses: (1) It might be put in proof on a trial for a violation of the Federal statute in selling without United States license. (2) It might also be proven in a trial for a sale without payment of the State tax and without State license. (3) And for selling without payment of town tax and license. (4) For selling on Sunday. (5) For selling to a minor. The Court there says: "Though there is a single act, it may thus be a violation of five statutes, and when, in such case, as *Burwell, J.,* says, in *State v. Stevens,* 114 N. C., at p. 877, 'each statute requires proof of an additional fact, which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution under the other.'" The fact of the sale of the glass of liquor must be proven in each of these cases. While failure to prove that the sale was on Sunday would acquit on one indictment, or that the sale was to a minor would acquit on another, none the less the defendant could be convicted on the other indictments if the sale was made without a United States license, or without

paying State tax and getting a county license, or without paying the town tax and getting the town license, where required.

This is an extreme case, and not likely ever to occur, but it illustrates the point. *Burwell, J.,* in *State v. Stevens,* 114 N. C., 878, just quoted, cites *Arrington v. Commonwealth,* 87 Va., 96; *Ruble v. State,* 51 Ark., 170; Black Intox. Liquor, sec. 555, and has himself been cited and followed; *State v. Reid,* 115 N. C., 741; *State v. Robinson,* 116 N. C., 1048 (which was the case of conviction of an assault with a deadly weapon and a subsequent indictment for carrying the weapon concealed on the same occasion, the conviction for the first offense being held not a bar to a conviction for the second); *State v. Downs, ib.,* 1067; *State v. Lawson,* 123 N. C., 742; *State v. Smith,* 126 N. C., 1059; *State v. Lytle,* 138 N. C., 740.

The principle stated in all the authorities is: "Though the same act may be necessary to be shown in the trial of each indictment, if each offense requires proof of an additional fact which the other does not, an acquittal or conviction for one offense is not a bar to a trial for the other." One cannot be put twice in jeopardy for the *same offense.* When some indispensable ·element in one charge is not required to be shown in the other, they are not the same offense.

Prosecution for larceny will not bar a subsequent prosecution for breaking and entering with intent to commit larceny, the larceny being necessarily distinct from the breaking and entering. *State v. Ridley,* 48 Iowa, 370; *Fisher v. State,* 46 Ala., 717; *State v. Ford,* 30 La. Ann. (Part I), 311; *People v. Curtis,* 76 Cal., 517; *Smith v. State,* 22 Tex. App., 350; *Copenhaven v. State,* 15 Ga., 64.

The last exception is to the Solicitor's comment, that "none of the evidence as testified to by the State's witnesses had been contradicted, and no one had said that it was not true." This could not be taken as a criticism upon the failure of the defendant to put himself upon the stand. The Court refused

to stop the Solicitor, but, out of abundant caution, when the Judge charged the jury he told them that the fact that the defendant did not go upon the stand could not be considered by the jury to his prejudice, and that, if they had understood the Solicitor as meaning to comment on that fact, they should disregard it, and directed them not to consider it in making up their verdict.

No Error.