STATE v. M. N. CORBIN.

(Filed 13 December, 1911.)

1. Streams—Water Supply—Pollution—Indictment—Language of Statute.

The offense of unlawfully polluting a stream from which a water supply is taken, etc. (Revisal, sec. 3862), is sufficiently charged in the indictment, when the language of the statute is followed therein. *S. v. Leeper*, 146 N. C., 655, cited and applied.

2. Streams—Water Supply—Pollution—Conviction—Motion in Arrest—Bill of Particulars—Procedure.

Upon a charge and conviction for polluting a stream from which a water supply is taken, etc. (Revisal, sec. 3862), a motion made in arrest of judgment upon the ground that it was not made to appear which stream the prisoner was charged with polluting, will not be sustained, the proper procedure being upon motion for a bill of particulars (Revisal, sec. 3244).

APPEAL from *Long, J.,* at October Term, 1911, of HENDERSON.

The defendant was convicted upon the following bill of indictment:

"The jurors for the State, upon their oaths, do present: That M. N. Corbin, late of the county of Henderson, on 10 July, in the year of our Lord one thousand nine hundred and eleven, with force and arms at and in the county aforesaid, unlawfully and willfully did defile, corrupt, or pollute a creek, the source of a public water supply used for drinking purposes in the vicinity of Tuxedo in said county, against the form of the statute in such case made and provided, and against the peace and dignity of the State.                JOHNSTON, *Solicitor.*"

After conviction, he moved in arrest of judgment for that the indictment did not show what public water supply was polluted, and in what manner.

The motion was overruled, and the defendant excepted.

Judgment was pronounced upon the verdict, and the defendant excepted and appealed.

*Attorney-General Bickett and George L. Jones, Assistant Attorney-General, for the State.*
*Staton & Rector for defendant.*

ALLEN, J.   The indictment follows the words of the statute, which is as follows: "If any person shall defile, corrupt, or pollute any well, spring, drain, branch, brook or creek, or other source of public water supply used for drinking purposes, in any manner, or deposit the body of any dead animal on the watershed of any such water supply, or allow the same to remain thereon, unless the same is buried with at least two feet cover, he shall be guilty of a misdemeanor, and fined and imprisoned, in the discretion of the court"; and it has been held repeatedly that it is sufficient for the indictment to follow the language of the statute. *S. v. Stanton,* 23 N. C., 430; *S. v. Roberson,* 136 N. C., 587; *S. v. Harrison,* 145 N. C., 408; *S. v. Leeper,* 146 N. C., 655.

If the defendant did not know which stream he was charged with polluting, or the means alleged to have been used, he could have obtained specific information by asking for a bill of particulars, under section 3244 of the Revisal.

Speaking of this question in *S. v. Shade,* 115 N. C., 757, *Mr. Justice Avery* says: "The trend of judicial decision and the tendency of legislation is towards the practical view that objections founded upon mere matter of form should not be considered by the Court unless there is reason to believe that a defendant has been misled by the form of the charge, or was not apprised by its terms of the nature of the offense which he was held to answer. Where the defendant thinks that an indictment, otherwise objectionable in form, fails to impart information sufficiently specific as to the nature of the charge, he may before trial move the court to order that a bill of particulars be filed, and the court will not arrest the judgment after verdict where he attempts to reserve his fire until he takes first the chance of acquittal."

The motion was properly overruled.

No error.