STATE v. WILLIAM HINTON, ALIAS "SON" HINTON.

(Filed 20 March, 1912.)

**1. Motions—Request for Bill of Particulars—Discretion of Courts.**

A motion for a bill of particulars in a criminal action is.addressed to the discretion of the court, and is not reviewable unless this discretion is grossly abused by him, which does not appear in this case, there being nothing of record to show that the prisoner required any information not appearing upon the indictment which was necessary to his defense.

**2. Motions—Quash—In Arrest of Judgment—Indictment.**

Motions to quash and in arrest of judgment rest upon the same ground, the insufficiency of the warrant, and in determining them the affidavit and order of arrest must be considered together.

**3. Same—Statutory Form—Sufficiency.**

When the warrant and order of arrest for resisting and obstructing certain officers in the performance of their duties, construed together, substantially follow the statute, motions to quash and in arrest of judgment should be denied.

APPEAL from *Bragaw, J.,* at January Term, 1912, of WAKE.

The defendant was tried before the Police Justice of the City of Raleigh, on the following warrant:

"J. P. Stell, Chief of Police of the City of Raleigh, being duly sworn, says that he is informed and believes that, on or about the 4th day of December, 1911, in the city of Raleigh, and in Raleigh Township, Wake County, William Hinton, *alias* 'Son' Hinton, did unlawfully and willfully resist, delay, and obstruct J. H. Wyatt and G. C. Dillehay, duly constituted public officers of the police for the city of Raleigh, in discharging and attempting to discharge a duty of their office, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

"You are hereby commanded to forthwith apprehend the said William Hinton, *alias* 'Son' Hinton, and bring him before his Honor, the Police Justice of the City of Raleigh, to answer the charge set forth in the above affidavit, and to be further dealt with according to law"; and upon conviction he appealed to the Superior Court of Wake County.

158—40

When the case was called for trial in the Superior Court, the defendant moved for a bill of particulars, which the court denied, in the exercise of its discretion, and he excepted.

He also moved to quash the warrant, which was denied, and he excepted.

Also he moved in arrest of judgment, after a verdict of guilty was returned, and to the refusal of this motion excepted.

Judgment was rendered upon the verdict, and the defendant appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*W. B. Snow for defendant.*

ALLEN, J.   The motion for a bill of particulars is addressed to the discretion of the court, and is not reviewable, unless there is a gross abuse of discretion.   *S. v. Dewey,* 139 N. C., 556.

In this case there is not only no evidence of the abuse of the discretion vested in the judge, but there is no statement in the record tending to show that the defendant required any information, outside of the indictment, to enable him to make his defense.

There is nothing in *S. v. Corbin,* 157 N. C., 619, which interferes with the discretion of the judge, or is in conflict with the law declared in *S. v. Dewey, supra.*

The question under consideration in the *Corbin case* was a motion in arrest of judgment, the indictment following the words of the statute, and it was said:   "If the defendant did not know which stream he was charged with polluting, or the means alleged to have been used, he could have obtained specific information by asking for a bill of particulars under section 3244 of the Revisal," which is no intimation that if the bill of particulars had been asked for it would not have been discretionary with the judge to grant or refuse it.

The motions to quash and in arrest of judgment rest on the same ground, the insufficiency of the warrant; and in determining them the affidavit and order of arrest must be considered together (*S. v. Yellowday,* 152 N. C., 793), and when so con-

sidered, the warrant follows substantially the words of the stat-
ute, which is sufficient.  *S. v. Harrison,* 145 N. C., 408; *S. v.
Leeper,* 146 N. C., 655; *S. v. Corbin,* 157 N. C., 619.
    There is
    No error.