## STATE v. J. S. LOWE.

(Filed 9 April, 1924.)

**Criminal Law—Immigrant Agents—License—Statutes.**

An isolated instance of employment of labor in this State for work in progress in another State, by either an individual or corporation, or by the employees of a corporation in charge thereof, does not fall within the intent and meaning of Schedule B, sec. 79, ch. 4, of the Public Laws of 1923, being an act to raise revenue, and the fine or punishment therein imposed for the failure to take out the license prescribed does not apply.

APPEAL by defendant from *Lane, J.,* at December Term, 1923, of FORSYTH.

Criminal action, heard on appeal from municipal court.

The jury embodied the pertinent facts in a special verdict, and on such facts, the court, being of opinion that defendant was not guilty, said defendant was acquitted and discharged, and the State appealed. The said special verdict and proceedings thereon are set forth in the record, as follows:

"That the Norfolk and Western Railway Company is a corporation, duly organized and incorporated under the laws of the State of Virginia, and is engaged in the business of common carrier of freight and passengers for hire, and in order to conduct such business, is the owner of, and operates, lines of railroads in the States of Virginia, West Virginia and other States, including North Carolina, and among the lines operated in North Carolina is a line of railroad from the city of Roanoke, Va., to the city of Winston-Salem, N. C.; that on 1 September, 1923, and subsequent thereto, the said Norfolk and Western Railway Company was electrifying its steam railroad from Welsh, W. Va., to Yeager, W. Va., upon which line is and was located the station of Davy, W. Va.

"That the defendant, J. S. Lowe, was at that time, is now, and has been for many years an employee of the said Norfolk and Western Railway Company, holding the position of gang leader, or foreman, in the engineering department, which is in charge of this construction work; that on or about 1 September, 1923, the defendant, J. S. Lowe, was directed by one of the superintendents of the said Norfolk and Western Railway Company, who was in charge of this electrification work, to come to Winston-Salem, N. C., and employ about twenty-five laborers to work for said railway company, and did furnish to this defendant transportation for himself and twenty-five laborers from Winston-Salem to Davy, W. Va., at which point the laborers to be hired were to be engaged in the work of electrifying said line of the Norfolk and Western

Railway Company; that the defendant, pursuant to this direction given him, as aforesaid, came to Winston-Salem on or about 5 September, 1923, and did employ in the city of Winston-Salem eighteen laborers, and made a contract with said laborers in the city of Winston-Salem to work for the Norfolk and Western Railway Company, at Davy, W. Va., at the price of 40 cents per hour; that on or about 5 September, 1923, the defendant did take and carry away from the city of Winston-Salem, N. C., upon the transportation furnished as aforesaid, eighteen laborers, under the contract as aforesaid, to Davy, W. Va., which laborers then and there worked for the Norfolk and Western Railway Company, and for none other; that the defendant was not, and is not now, an officer or director of the Norfolk and Western Railway Company, and has never been sent out by said railroad company to employ laborers at any time prior or subsequent to this time.

"That at the time mentioned herein, and at the times subsequent thereto, and since then, neither the Norfolk and Western Railway Company nor this defendant had paid the license, as required by the statute entitled 'An act to raise revenue,' Schedule B, sec. 79, Public Laws 1923.

"If upon the foregoing facts the court be of the opinion that the defendant is guilty, the jury so find; otherwise, they find him not guilty.

"Not guilty.

"The court being of the opinion that the defendant is not guilty, the jury so finds not guilty for their verdict.

                                    HENRY P. LANE, *Judge Presiding."*

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Swink, Clement & Hutchins and F. L. Webster for defendant.*

HOKE, J.  Under our decisions construing this or statutes of similar import, it is held that the license tax imposed by the law is for engaging in the business of procuring labor for employment in another State, and does not apply or extend to a case where one corporation or individual is in a special instance procuring hands for his own work. *Lane v. Comrs.,* 139 N. C., 443; *S. v. Sheppard,* 138 N. C., 579; *Carr v. Comrs.,* 136 N. C., 125.

In *Carr v. Comrs.* it was held that Laws 1903, ch. 247, sec. 74, imposing a license tax on emigrant agents, does not apply to a person who comes into this State and employs hands to work for him in another State.

And in *Lane's case,* where an officer of a corporation had come into this State and, without paying the license tax, had hired hands to be

employed in present work for his company in another State, *Associate Justice Connor,* delivering the opinion, said: "This case, in our opinion, comes within the principle of *Carr v. Comrs.,* 136 N. C., 125, the only difference between the two cases being that in one the plaintiff hired hands for himself, while in the other he hired them for a corporation, of which he was a director and manager in respect to the work for which the hands were employed."

The facts as set forth in the special verdict, showing that this was a single instance where defendant, by direction of the company's superintendent, employed a lot of hands for his company for presently doing the work of which he had special charge, the case, in our opinion, comes directly within the principle of the above-cited cases, and the verdict and judgment acquitting defendant is affirmed.

No error.