The defendant was immediately indicted for perjury, in swearing to the same affidavit, "with intention to procure an attachment to issue against one Richard Pearson, Esq., from the Court of Equity for the District of Salisbury, for contempt." To this indictment the defendant pleaded "former acquittal for the same offense. " To which the Solicitor-General replied,nul tiel record.
One of the circumstances requisite to constitute the offense of perjury is that the oath must be taken in a judicial proceeding. 4 Black. Com., 137. If this requisite is wanting — if it is not taken in some proceedings relative to a civil suit, or criminal prosecution, it does not amount to perjury. If an oath or affidavit is made in one suit, but is used, in another suit, in which, when made, it was not intended to be used, it cannot in the suit in which it was used be considered as such an oath or affidavit, as that, if false, it would amount to perjury, because it was not made in that suit or proceeding; but it would (592) be otherwise if the indictment set forth truly the suit or proceeding in which it was made. So, it appears to me, that upon the same principle, if an oath or affidavit is made for one purpose in a judicial proceeding, but is used for another purpose, for which it was not taken, although in the same suit or proceeding, that an indictment for perjury, stating that the affidavit was made with the intention of being used for the purpose for which it really was used, cannot be sustained. So, in the present case, if the defendant's affidavit was made for the purpose of procuring an attachment to issue, etc., and not for the purpose of *Page 500 
continuing the suit, the indictment which states that it was made for the purpose of continuing the suit cannot be sustained, because it does not set forth truly that particular proceeding in which the affidavit was made; consequently, there would be a variance between the true proceeding in which it was made and the one stated in the indictment. Very material facts may be inserted in an affidavit as to the purpose for which the affidavit may be made; but may become very material as to some purposes for which the affidavit was not made, but to which it may be applied as occasion may require.
MACAY, TAYLOR, and LOCKE, JJ., concurred with HALL, J., in opinion that there was no such record of a former acquittal for the same offense.
NOTE. — See State v. Ingles, 3 N.C. 4; State v. Williamson, 7 N.C. 216;State v. Lewis, 9 N.C. 98; State v. Jesse, 20 N.C. 98.
(593)