4L 442
8L 568

## THE STATE *v.* HENRY ROSS.

CRIMINAL LAW. *Plea of former conviction.* A plea of former conviction for the unlawful disturbance of a religious assembly "by loud noise, profane discourses, and indecent behavior," is no defense to an indictment for an assault with intent to commit murder in the second degree by shooting at a person named with a loaded pistol, although the loud noise of the previous indictment may have been the report of the pistol in the shooting of the last indictment.

### FROM TIPTON.

Appeal in error from the Circuit Court of ipton County. T. J. FLIPPIN, J.

Attorney-General LEA for The State.

SANFORD & CUMMINS for Ross.

State *v.* Ross.

Cooper, J., delivered the opinion of the Court.

The defendant was indicted for an attempt to commit murder in the second degree, by shooting at a person named with a loaded pistol. The defendant pleaded that at a former day an indictment had been found against him, for that he did wilfully and unlawfully disturb an assembly of persons met for religious worship, by loud noise, profane discourses and indecent behavior, at a certain church designated; that he was regularly arraigned and tried, found guilty, and sentenced to punishment thereunder, the judgment remaining in full force; that the said unlawful disturbance was in fact perpetrated, as the evidence on the trial showed, by means of certain shots fired by him from a pistol; that the said shooting was the same shooting charged in the present indictment; all which he is ready to verify, wherefore, etc.

To this plea the State demurred.

The Circuit Judge overruled the demurrer, and the Attorney-General declining to plead further; discharged the prisoner.

The State appealed.

"No person shall, for the same offense, be twice put in jeopardy of life or limb:" Const., Art. I., sec. 10.

"The general doctrine is plain," says Mr. Bishop, "and there are no conflicts of authority

upon it, that, in the words of the Constitution itself, to entitle the prisoner to protection, the second jeopardy must be for the 'same offense' as the first. If, therefore, a man has been either convicted or acquitted of one crime, he may still be prosecuted for another:" 1 Bish. Crim. Law, sec. 1049.

But the Courts differ widely as to what will constitute the same offense. · Some Courts have gone to the extent of holding that there can be only one punishment for one criminal transaction, while others, rushing to the other extreme, have held that one act may constitute any number of crimes, for each of which the doer may be prosecuted, and a conviction of one will not bar a prosecution for another.

Without undertaking the hopeless task of reconciling the authorities, or involving ourselves in the niceties of the subject, it is sufficient to say that this case presents no serious difficulty. · It falls in a . class of cases in which the offenses, according to Mr. Bishop, are not the same, namely, where each indictment sets out an offense differing in all its elements from that in the other, and, it may be added, where the one crime is ·not included in the other, and cannot be sustained by the same proof.

There is no connection between them, except that the noise of the shooting of a pistol is the same in both, for the former indictment, in no

conceivable aspect, can be held even to embrace the transaction in the present indictment except in the averment that the disturbance in that case was "by loud noise," as well as "profane discourses and indecent behavior." That the two offenses are the same is a proposition utterly inadmissible upon any principle, and unsustained by any authority.

Reverse and remand.