### STATE v. W. H. RAWLINGS.

(Filed 24 February, 1926.)

**Criminal Law—Automobiles—Reckless Driving—Criminal Intent.**

> Upon a trial under an indictment with three counts: assault with a deadly weapon, an automobile; operating a motor vehicle on a public highway while under the influence of intoxicating liquor; and recklessly, and in breach of C. S., 2618, wherein it was admitted by the State that there was no evidence of intentional assault, and the jury having returned for their verdict that defendant "was guilty of an assault, but not with reckless driving": *Held,* the admission and the verdict on the last two counts dispelled the element of criminal negligence and criminal intent, and a conviction on the first count will not be sustained.

APPEAL by defendant from *Calvert, J.,* at November Term, 1925, of PERQUIMANS.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Ehringhaus & Hall for the defendant.*

ADAMS, J. In the indictment there are three counts. The first charges the defendant with an assault with a deadly weapon, an automobile; the second, with operating a motor vehicle on a public highway while

under the influence of intoxicating liquor; and the third, with operating an automobile recklessly in breach of C. S., 2618. *S. v. Sudderth,* 184 N. C., 753.

On the trial Sheriff Wright was examined in behalf of the prosecution. He testified that he and the witness Perry were traveling in Perry's car on a sixteen-foot concrete highway in the direction of Winfall, which is three miles from Hertford; that Perry, who was driving, kept his car to the right of the center of the road; that the witness saw the defendant's car coming from the direction in which they were going and that it was to "the defendant's left of the center of the road"; that he thought the defendant would turn to the right far enough to enable them to pass; that he did not do so and the cars collided; that the car was damaged and Perry "knocked unconscious." He said that neither car was moving at an excessive rate of speed, and that the relation between the three men had been and still was "perfectly friendly." He was corroborated by Perry.

The defendant testified that his car was on the right side of the road and that "the other car approached and ran into him"; that after the occurrence he pointed out to other witnesses the marks of his wheels; and that he thought the cars would clear each other in passing.

The State admitted that there was no evidence of an intentional assault, its "theory being that the defendant was guilty of reckless driving and upon this basis of an assault as well." The judge correctly instructed the jury in accordance with this theory; and they returned for their verdict, "Guilty of an assault, but not guilty of reckless driving."

The defendant moved that the verdict be set aside as a matter of law and that the judgment be arrested for the reason that the acquittal of the defendant on the count for reckless driving took away the only element on which the assault could be predicated and necessarily worked an acquittal on the first count. These motions were denied and the defendant excepted and appealed from the judgment.

Since the defendant was acquitted of the charges set out in the second and third counts, the only question is whether the verdict returned and the judgment pronounced on the first count can be sustained. According to the record the State contended that the defendant was guilty of an assault because of his reckless driving; but as the jury found him "not guilty of reckless driving," this theory is destroyed. Only one other need be considered. There is evidence from which the jury might have inferred that the defendant just before the meeting of the two cars intentionally kept and operated his own car on the wrong side of the road in breach of the statute. C. S., 2617; Laws, Ex. Ses., 1924, ch. 61. Wherefore it may be argued that the intentional performance of this unlawful act is evidence of a specific intent to commit the assault.

We are not unmindful of the general principle that a specific intent to injure a particular person need not be shown if there be the intentional commission of an unlawful act; but the intentional driving of a motor vehicle on the wrong side of the road in disregard of the statute is *malum prohibitum,* not *malum in se.* Moreover, the verdict dispels the idea of criminal negligence and criminal intent. *S. v. Horton,* 139 N. C., 588. Considering the admissions of the State and the finding of the jury we are of opinion that the conviction on the first count cannot be sustained.

Error.