### STATE v. EDGAR PIERCE.

(Filed 20 March, 1935.)

**Indictment E e——Counts in indictment held separate and distinct and defendant could be acquitted on one and found guilty on the other.**

Defendant was indicted in two counts, one under N. C. Code, 4242, for wantonly and wilfully burning a dwelling-house used as a storehouse or barn, and the other under N. C. Code, 4245 (a), for wilfully and maliciously burning personal property in such dwelling, with intent to injure the owner thereof. The court charged the jury that defendant could be found guilty on both counts, or not guilty on one count and guilty on the other. Defendant appealed from a conviction on the second count. *Held:* Defendant's contention that a verdict of not guilty on the first count necessarily carried a verdict of not guilty on the second count upon his exception to the charge for separating the counts cannot be sustained, the counts being separate and distinct and each requiring proof of facts which the other does not.

APPEAL by defendant from *Small, J.,* and a jury, at November Term, 1934, of BERTIE. No error.

This is a criminal action. The defendant was charged in two counts in the bill of indictment, which will hereafter be set forth, and convicted on the second count. The court below, under the verdict, imposed sentence on defendant. The defendant made several exceptions and assignments of error, and appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*E. R. Tyler and J. H. Matthews for defendant.*

CLARKSON, J.   N. C. Code 1931 (Michie), sec. 4242, is as follows: "If any person shall wantonly and wilfully set fire to or burn, or cause to be burned, or aid, counsel, or procure the burning of any church, chapel, or meeting-house, or any stable, coach house, outhouse, warehouse, office, shop, mill, barn, or granary, or to any building or erection used in carrying on any trade or manufacture, or any branch thereof, whether the same or any of them respectively shall then be in the possession of the offender, or in the possession of any other person, he shall be guilty of a felony, and shall be imprisoned in the State's Prison for not less than two nor more than forty years."

Under the above section, the first count in the bill of indictment reads as follows: "The jurors for the State upon their oath present: That Edgar Pierce, late of the county of Bertie, on 28 March, 1934, with force and arms, at and in the county aforesaid, did unlawfully and wilfully and feloniously set fire to and burn a dwelling-house of E. B. Hughes, used by the said E. B. Hughes as a storehouse or barn, against the form of the statute in such case made and provided and against the peace and dignity of the State."

N. C. Code 1931 (Michie), sec. 4245 (a), is as follows: "Any person who shall wilfully or maliciously burn, or cause to be burned, or aid, counsel, or procure the burning of any goods, wares, merchandise, or other chattels or personal property of any kind, whether the same shall be at the time insured by any person or corporation against loss or damage by fire or not, with intent to injure or prejudice the insurer, creditor, or the person owning the property, or any other person, whether the same be the property of such person or another, shall be guilty of felony."

Under this section the second count in the bill of indictment reads as follows: "And the jurors aforesaid, on their oaths as aforesaid, do further present: That Edgar Pierce, late of the county of Bertie, on 28 March, A.D. 1934, with force and arms, at and in the county aforesaid, did unlawfully, wilfully, feloniously, and maliciously set fire to and burn certain personal property of the said E. B. Hughes, to wit: A quantity of corn, shingles, and hay, and with intent to injure him, the said E. B. Hughes; said personal property being stored in a dwelling-house used by said E. B. Hughes as a storehouse or barn, belonging to the said E. B. Hughes, against the form of the statute in such cases made and provided, and against the peace and dignity of the State."

We think the two counts set forth are separate and distinct offenses under the above statutes.

In the first count, to reach a conviction of the defendant, the State must prove beyond a reasonable doubt that the act was done "wantonly and wilfully," and the subject is "any building"—in the present case, a dwelling-house. In the second count, to reach a conviction of the defendant, the State must prove beyond a reasonable doubt that the act was done "wilfully or maliciously," and the subject is "chattels or personal property of any kind," in the present case, a quantity of corn, shingles, and hay, and the statute further requires that this act must be done "with intent to injure . . . the person owning the property," etc.

The court below charged the jury: "You can find him (the defendant) guilty under both counts, or guilty under one count, and not guilty under the other, but before you can find him guilty of either you must be satisfied, beyond a reasonable doubt, of his guilt."

The defendant contends that there is error in the charge: "For the reason that the charge separates the burning of the barn from the burning of the personal property inside the barn. The jury returned a verdict of not guilty of burning the barn, and which necessarily carried a verdict of not guilty of burning the personal property inside of the barn, under all of the evidence in the instant case. If he was not guilty of burning the barn he could not be guilty of burning the personal property in the barn."

We cannot sustain defendant's contention. The two offenses are separate and distinct. The fact that in setting fire to the corn, shingles, and hay with intent to injure the person owning the property cannot be imputed to him for righteousness, because in so doing he was guilty of another and different offense in burning the house.

In *S. v. Nash,* 86 N. C., 650 (651), we find: "To support a plea of former acquittal, it is not sufficient that the two prosecutions should grow out of the same transaction, but they must be for the same offense; *the same, both in fact and in law." S. v. Gibson,* 170 N. C., 697; *S. v. Malpass,* 189 N. C., 349.

In *S. v. Malpass, supra,* at p. 355, it is said: "If two statutes are violated, even by a single act, and each offense requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the one statute. *S. v. Stevens,* 114 N. C., 873; *S. v. Robinson,* 116 N. C., 1046. To the same effect: *S. v. Hankins,* 136 N. C., 621."

In *S. v. Sisk,* 185 N. C., 696 (700), it is said: "The indictment was against the father and the two boys as coprincipals. If the defendants

originated the firing in which Zeigler was killed, and the boys were in armed resistance to the service of legal process, they were responsible for the homicide of the officer. So far as they are concerned, it is no defense that the officer was killed by their father, whom the jury, whether rightly or wrongly, acquitted of any responsibility, presumably upon the ground that the old man's part in the fight was taken in self-defense. The verdict as to him cannot be considered by us, and it 'cannot be imputed to the defendants for righteousness.' "

The present case is distinguished from *S. v. Bell,* 205 N. C., 225, and *S. v. Clemmons,* 207 N. C., 276. The exceptions and assignments of error made by the defendant cannot be sustained. For the reasons given there is, in the judgment of the court below,

No error.