STATE v. JETHRO MIDGETT, JR.

(Filed 21 September, 1938.)

**Criminal Law § 23—Acquittal on charge of reckless driving will not bar prosecution for manslaughter arising from same occurrence.**

An acquittal on a charge of reckless driving in the recorder's court will not bar a prosecution of defendant in the Superior Court upon a charge of the felony of manslaughter arising out of the same occurrence, the two offenses differing both in grade and kind and not being the same in law

or in fact, and the one not being a lesser degree of the other, and the recorder being without jurisdiction over the charge of manslaughter, but having bound defendant over to the Superior Court on that charge.

APPEAL by defendant from *Burgwyn, Special Judge,* at May Term, 1938, of DARE.

Criminal prosecution tried upon indictment charging the defendant in three counts, first, with the felonious slaying of one Ethel D. Hartley; second, with the felonious slaying of one Winston Green; and, third, with the felonious violation of the "hit and run" statute (1937, ch. 407, sec. 128) at the time of the accident or injury which resulted in the double homicide of the said Hartley and Green.

The evidence on behalf of the State tends to show that on 2 September, 1937, at about 8:00 p.m., the defendant, while driving his automobile on the highway near Manteo on Roanoke Island, ran into and killed two pedestrians, Ethel D. Hartley and Winston Green; that the defendant was driving on his left-hand side of the road at the time, without lights, at a rate of 40 or 45 miles an hour, and that it was dark. The evidence is conflicting as to how the accident occurred.

On the following day two warrants were issued and served upon the defendant, one charging him with manslaughter, and the other (1) with operating a motor vehicle on the public highway while under the influence of intoxicating liquors, morphine, opiates or other drugs (1937, ch. 407, sec. 101), and (2) with operating a motor vehicle on the public highway in a reckless, careless and wanton manner without regard to the rights and safety of others, against the form of the statute in such cases made and provided (1937, ch. 407, sec. 102) and against the peace and dignity of the State.

Thereafter, on 7 September, 1937, in the recorder's court of Dare County, the defendant was acquitted on the warrant charging him with drunken and reckless driving, and bound over to the Superior Court for action on the warrant charging him with manslaughter.

A true bill was returned at the October Term, 1937, to which said bill the defendant duly entered pleas of former acquittal or former jeopardy on the first and second counts and "not guilty" as to the entire bill.

The court held that the defendant's plea of former acquittal, or former jeopardy, was not good, and instructed the jury accordingly. Exception.

Verdict: Guilty on the first and second counts in the bill, and not guilty on the third.

Judgment: Imprisonment for not less than one nor more than three years and assigned to work upon the roads.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Wettach and Gregory for the State.*
*Worth & Horner and McMullan & McMullan for defendant.*

STACY, C. J.   The question for decision, as debated on argument and in brief, is whether an acquittal of the defendant on a charge of reckless driving will bar a further prosecution for manslaughter when the two charges stem from the same occurrence.   The pertinent authorities answer in the negative.   *Usary v. State,* 112 S. W. 2d (Tenn.), 7; *S. v. Yuse,* 191 Wash., 1, 70 P. (2d), 797; *People v. Townsend,* 214 Mich., 267, 183 N. W., 177, 16 A. L. R., 902; *S. v. Empey,* 65 Utah, 609, 239 P., 25, 44 A. L. R., 558; *Henson v. Commonwealth,* 165 Va., 829, 183 S. E., 438; *Commonwealth v. Jones,* 288 Mass., 150, 192 N. E., 522; *Commonwealth v. McCan,* 277 Mass., 199, 178 N. E., 633, 78 A. L. R., 1208; 42 C. J., sec. 1385.

In the first place, the two offenses are not the same, either in law or in fact.   *S. v. Gibson,* 170 N. C., 697, 86 S. E., 774; *S. v. Hankins,* 136 N. C., 621, 48 S. E., 593; *S. v. Yancy,* 4 N. C., 133, 6 Am. Dec., 553; *S. v. Williams,* 1 N. C., 591; 8 R. C. L., 149.   Nor is the one a lesser degree of the other.   C. S., 4640; *S. v. Albertson,* 113 N. C., 633, 18 S. E., 321; *S. v. Lewis,* 9 N. C., 98; *S. v. Ingles,* 3 N. C., 4.   They differ both in grade and kind.   *S. v. Taylor,* 133 N. C., 755, 46 S. E., 5.   The one is a misdemeanor, made so by statute; the other a felony.   *S. v. Moore,* 136 N. C., 581, 48 S. E., 573.   Additional facts must be alleged and proved to establish the greater which need not appear on the trial of the lesser offense.   *S. v. Pierce,* 208 N. C., 47, 179 S. E., 8; *S. v. Hooker,* 145 N. C., 581, 59 S. E., 866; *S. v. Robinson,* 116 N. C., 1046, 21 S. E., 701; *S. v. Stevens,* 114 N. C., 873, 19 S. E., 861.

We have a number of decisions to the effect that when the same act constitutes a violation of two statutes, a prosecution for the violation of the one need not bar a subsequent prosecution for the violation of the other.   *S. v. Malpass,* 189 N. C., 349, 127 S. E., 248; *S. v. Hooker, supra; S. v. Lytle,* 138 N. C., 738, 51 S. E., 66; *S. v. Birmingham,* 44 N. C., 120.

"The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense."   *Morey v. Commonwealth,* 108 Mass., 433; *Gavieres v. U. S.,* 220 U. S., 338; *S. v. Dills,* 210 N. C., 178, 185 S. E., 677; *S. v. Freeman,* 162 N. C., 594, 77 S. E., 780; *S. v. Jesse,* 20 N. C., 95; *S. v. Dewees,* 76 S. C., 72, 11 Ann. Cas., 991, and note.

The authorities are in disagreement as to what constitutes the "same offense"; also as to when more than one punishment may be applied to the same transaction.   8 R. C. L., 145, *et seq.*   Some courts have gone to

the extent of holding that there can be but one punishment for one criminal transaction, while others have held that one act may constitute any number of crimes, for each of which the actor may be prosecuted, and a conviction of one will not bar a prosecution for another. *S. v. Ross,* 72 Tenn., 442; 8 R. C. L., 148.

An interesting and helpful summary of the "general rules deductible from principle and authority," as applied to pleas of *autrefois, acquit* and *convict,* was made by the writer of the opinion, *Mr. Justice Cook,* in *Dowdy v. State,* 158 Tenn., 364, 13 S. W. (2d), 794. His conclusions follow:

"1. Where two or more offenses of the same nature are by statute carved out of the same transaction and are properly the subject of a single investigation, an acquittal or conviction for one of the several offenses bars subsequent prosecution for the others.

"2. When the facts constitute but one offense, though it may be susceptible of division into parts, as for stealing several articles from the same person at the same time, conviction for stealing one of the articles will bar subsequent prosecution for stealing the others.

"3. When the facts constitute two or more offenses, wherein the lesser offense is necessarily involved in the greater—as an assault is involved in an assault and battery, as an assault and battery is involved in an assault and battery with intent to commit felony and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second.

"4. But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act."

It seems clear, from what is said above, that the instant case falls within the terms of the fourth class as set out by *Mr. Justice Cook* in the *Dowdy case, supra.*

There is also authority for the position that jeopardy incident to a trial before an inferior court does not extend to an offense beyond its jurisdiction—the theory being that, to be in jeopardy, there must be not only a sufficient legal charge, but also a sufficient jurisdiction to try the charge. *S. v. Garcia,* 198 Iowa, 744. According to this view, all that could be claimed for the jeopardy incident to a trial before an inferior court is that it protects the accused from being again prosecuted for the "same offense" and that this same offense be not thereafter treated as included, as a lesser offense, in any greater charge. *Diaz v. U. S.,* 223 U. S., 442; *S. v. Cale,* 150 N. C., 805, 63 S. E., 958.

It follows, therefore, that the plea of former jeopardy cannot avail on the instant record. The judgment of the recorder on the warrant is not a bar to the prosecution of the indictment. The ruling to this effect is correct. *S. v. White,* 146 N. C., 608, 60 S. E., 505.

It only remains to notice the authorities cited by the defendant. He relies upon the decisions in *S. v. Clemmons,* 207 N. C., 276, 176 S. E., 760; *S. v. Bell,* 205 N. C., 225, 171 S. E., 50, and particularly upon what was said in *S. v. Rawlings,* 191 N. C., 265, 131 S. E., 632, but each of these cases is distinguishable by reason of a different fact situation. It would only be a work of supererogation to point out the differences in detail. As to the *Rawlings case, supra,* it is perhaps enough to say that the holding there in respect of contradictory findings upon the same record is not authority for defendant's position here.

The remaining exceptions are too attenuate to require elaboration. They are not sustained.

The verdict and judgment will be upheld.

No error.