STATE OF NORTH CAROLINA v. JOHNNIE BON SAWYER

No. 7124SC282

(Filed 28 April 1971)

1. **Criminal Law § 26; Homicide § 13— involuntary manslaughter arising out of car accident — plea of former jeopardy**
    An acquittal on charges of reckless driving and speed competition does not bar a subsequent prosecution for involuntary manslaughter arising out of the same occurrence.

2. **Homicide § 12— involuntary manslaughter — sufficiency of indictment**
    Indictment sufficiently charged the defendant with involuntary manslaughter arising out of the violation of the motor vehicle laws.

3. **Automobiles § 113— involuntary manslaughter — sufficiency of evidence**
    In a prosecution charging defendant with involuntary manslaughter arising out of the violation of the speeding and reckless

driving statutes, the State's evidence was sufficient to be submitted to the jury.

4. **Automobiles § 114— involuntary manslaughter — speed competition — instructions on proximate cause**

In a prosecution charging defendant with involuntary manslaughter arising out of an unlawful automobile speed competition, an instruction that would permit the jury to find defendant guilty of the manslaughter without first finding beyond a reasonable doubt that the speed competition was a proximate cause of the collision, *held* reversible error.

5. **Automobiles § 114— instructions on proximate cause**

Instructions in an involuntary manslaughter case that did not require the jury to find beyond a reasonable doubt that the intentional violation of the speed statutes was a proximate cause of the death, as was charged in the indictment, *held* reversible error.

APPEAL by defendant from a trial by *McLean, J.,* June 1970 Session of MADISON Superior Court.

The defendant Johnnie Bon Sawyer was tried before McLean, J., and a jury, at the Regular June 1970 Session of Madison Superior Court on a bill of indictment, proper in form, charging the defendant with involuntary manslaughter arising out of an automobile accident occurring on 24 October 1969. The defendant was tried and acquitted on 19 November 1969 in the District Court of Madison County of reckless driving, a violation of G.S. 20-140, and unlawful speed competition, a violation of G.S. 20-141.3(b), arising out of the same automobile accident occurring on 24 October 1969.

Before pleading to the bill of indictment, the defendant interposed a plea in abatement on the grounds of former jeopardy, and moved to quash the bill of indictment. The plea in abatement and the motion to quash were denied by Judge McLean, and the defendant pleaded not guilty.

The State offered evidence tending to establish the following facts: At approximately 11:30 p.m. on 24 October 1969, the defendant, in a 1968 yellow Torino, and one William McKinley Ramsey III, in a blue Camaro, were observed driving side by side in a northerly direction on U.S. Highway 25-70 where it is known as the Marshall Bypass in Madison County. There was testimony that both automobiles had "taken off" from a position directly in front of a Sinclair service station which was some 300 to 400 feet south of Plemmons' Cafe. The automobiles

traveled side by side until they went out of sight around a curve which was approximately one quarter of a mile north of the Sinclair station. The defendant's automobile was in the right-hand, eastern lane when both automobiles went out of sight around the curve, at which point opinions as to their speed varied from 80 to 100 mph.

A collision which involved the automobile of the defendant, a pickup truck, and the automobile operated by the deceased, occurred 600 feet south of the intersection of the bypass and the Walnut Creek Road. The investigating officer, Highway Patrolman A. L. Feldman, testified that the collision occurred "a quarter of a mile or a little more" north of Plemmons' Cafe.

Larry Christopher Huey, a passenger in the automobile driven by the deceased, testified that "we passed a car and were in the middle lane going south. We were meeting some cars and one pulled out to pass coming directly toward us. . . . The vehicle we first saw coming toward us was in the middle lane. There was another vehicle coming toward us in the east lane. . . . Then we started to get in the west lane to the far outside and a car came around the one that was in the middle lane that was coming toward us, so there was a car in each lane coming toward us. We tried to go between the two that were in the two passing lanes. We hit the one that was coming toward us in the middle lane."

Ronnie Shelton, driving approximately 500 feet behind the deceased, testified: "I seen this bluish car go flying by and then I seen Terry Bryan's lights come on, his tail lights, and he was sitting sideways in the road. . . .

*     *     *

"I saw a bluish-colored car. When I seen him, he was flying by on his side of the road. The bluish car looked like it was going about 100."

There was evidence that Terry Allen Bryan died as a result of injuries sustained in the collision. The defendant offered no evidence. The jury found the defendant guilty as charged. Judge McLean continued prayer for judgment until the Regular 28 September 1970 Session of Madison Superior Court. From a judgment entered on the verdict on 9 October 1970 by Judge Thornburg, the defendant appealed.

State v. Sawyer

*Attorney General Robert Morgan, Assistant Attorney General I. Beverly Lake, Jr., and Staff Attorney Ronald M. Price for the State.*

*Mashburn and Huff, by Joseph B. Huff, for defendant appellant.*

HEDRICK, Judge.

[1]   The defendant's first assignment of error raises the question of whether an acquittal on charges of reckless driving and speed competition will bar a further prosecution for involuntary manslaughter when all charges arise out of the same occurrence. This question was answered in the negative in *State v. Midgett,* 214 N.C. 107, 198 S.E. 613 (1938), where our Supreme Court held that an acquittal of reckless driving in a court having jurisdiction to try the defendant for that offense would not bar the prosecution of the defendant in the superior court for involuntary manslaughter arising out of the same occurrence. Reckless driving and speed competition are not lesser included offenses of the charge of involuntary manslaughter. *State v. Midgett, supra; State v. Mundy,* 243 N.C. 149, 90 S.E. 2d 312 (1955). This assignment of error is overruled.

[2]   The defendant next assigns as error the court's denial of his motion to quash the bill of indictment. The bill charged that the defendant "did, unlawfully, willfully and feloniously kill and slay one Terry Allen Bryan. . . . "

> "Involuntary manslaughter is the unlawful killing of a human being, unintentionally and without malice, proximately resulting from the commission of an unlawful act not amounting to a felony, or resulting from some act done in an unlawful or culpably negligent manner, when fatal consequences were not improbable under all the facts existent at the time, or resulting from the culpably negligent omission to perform a legal duty." 4 Strong, N.C. Index 2d, Homicide, Sec. 6., p. 198.

For an indictment to be valid, it must allege all the essential elements of the offense with sufficient certainty so as to (1) identify the offense, (2) protect the accused from being put in jeopardy twice for the same offense, (3) enable the accused to prepare for trial, and (4) support the judgment upon conviction and plea. *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897

(1970); *State v. Greer*, 238 N.C. 325, 77 S.E. 2d 917 (1953).

Applying the foregoing test, it is our opinion that the motion to quash was properly denied.

[3] The defendant assigns as error the court's denial of his motion for judgment as of nonsuit. There is sufficient competent evidence in the record which would permit, but not compel, the jury to find that the death of Terry Allen Bryan proximately resulted from injuries sustained in an automobile collision which occurred on 24 October 1969 at about 11:30 p.m. on the Marshall bypass approximately one-fourth of a mile north of Plemmons' Cafe, and that the defendant intentionally and recklessly drove a 1968 Ford Torino automobile in willful speed competition with another motor vehicle, in violation of G.S. 20-141.3(b), and that he intentionally and recklessly drove the said automobile at an excessive and unlawful rate of speed, in violation of G.S. 20-144, and that either or both of these violations of the highway safety statutes was a proximate cause of the collision and death of Terry Allen Bryan. This assignment of error is overruled.

[4] The defendant excepted to and assigns as error the following portion of the court's instructions to the jury:

"So the Court instructs you, members of the jury, that if you should find from this evidence and beyond a reasonable doubt that the defendant, driving a yellow Torino automobile along Highway 25-70 from the vicinity of the Sinclair filling station on the bypass of 25-70 here around Marshall, was operating his automobile in speed competition with McKinley or Mack Ramsey, driving a blue Camaro, and that as a result of this speed competition between the two, they had a collision with a car or cars, either one or both of them, had a collision with a truck or car or cars and that as a result of that Terry Bryan came to his death—if you find those facts beyond a reasonable doubt, it would be your duty to return a verdict of guilty as charged in this bill of indictment upon that aspect of the case."

This instruction is erroneous in that it would permit the jury to find the defendant guilty of involuntary manslaughter without first finding beyond a reasonable doubt that the speed competition was a proximate cause of the collision.

State v. Sawyer

[5]   With respect to the defendant's operating his motor vehicle in violation of the speed statutes, the court instructed the jury as follows:

"So, the Court instructs you, members of the jury, that if you should find from this evidence, beyond a reasonable doubt, that the defendant was operating his yellow Torino automobile along Highway U.S. 25 and 70 on this night of October the 24th, 1969, and that he deliberately and intentionally operated his automobile at a speed greater than 65 miles per hour, as a result of which he was unable to control or stop his automobile and ran into and collided with another automobile—either a truck or automobile—which inflicted the injuries upon the body of the deceased, Terry Allen Bryan, proximately causing his death, then the Court instructs you that if you find those facts beyond a reasonable doubt, it would be your duty to return a verdict of guilty upon that aspect of the evidence. . . . "

This instruction is also erroneous in that it fails to require the jury to find beyond a reasonable doubt that the deliberate and intentional violation of the speed statute upon the part of the defendant was a proximate cause of the collision which inflicted the injuries resulting in death.

"Mere proof of culpable negligence does not establish proximate cause. To culpable negligence must be added that the act was a proximate cause of death to hold a person criminally responsible for manslaughter." *State v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132 (1955).

We do not discuss the defendant's other assignments of error since they are not likely to occur upon retrial. For prejudicial error in the charge, the defendant is entitled to a new trial.

New trial.

Judges BROCK and MORRIS concur.