IN THE MATTER OF: SAMUEL ARMANIA DAVIS

No. 9318DC639

(Filed 5 April 1994)

**Infants or Minors § 80 (NCI4th) — amendment of juvenile petition — charge of different crime — violation of due process and statute**

Where a juvenile petition alleged that respondent unlawfully set fire to a public building in violation of N.C.G.S. § 14-59, the trial court erred by permitting the State to proceed on the theory that respondent unlawfully set fire to personal property in the building in violation of N.C.G.S. § 14-66 and by adjudicating respondent a juvenile delinquent on that ground since the trial court in effect amended the petition; the burning of personal property in violation of § 14-66 is not a lesser included offense of burning a public building in violation of § 14-59; and the amended petition charged defendant with a different offense in violation of due process and N.C.G.S. § 7A-627.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 41, 42.**

**Comment Note. — Power of court to make or permit amendment of indictment. 17 ALR3d 1181.**

Appeal by respondent from order entered 8 October 1992 in Guilford County District Court by Judge Joseph E. Turner. Heard in the Court of Appeals 2 March 1994.

*Michael F. Easley, Attorney General, by T. Lane Mallonee, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Janine M. Crawley, Assistant Appellate Defender, for respondent-appellant.*

GREENE, Judge.

Samuel Armania Davis (respondent) appeals from an 8 October 1992 adjudication of him as a delinquent juvenile under N.C. Gen. Stat. § 7A-517(12) in that he "unlawfully, willfully and feloniously set fire to personal property located in a building owned by Harris Teeter."

Rodney Stuart Blackwell (Blackwell) testified for the State that on 26 March 1992, he was employed as a cashier at Harris Teeter (the store), Summit Avenue location, in Greensboro, North Carolina. Around 10:00 p.m., after he observed respondent enter the store, Blackwell left his register and went into the bathroom. While he was washing his hands, respondent entered the bathroom and proceeded to the stall nearest the wall. Blackwell left the bathroom, but poked his head back in and observed respondent "just walking around standing there" with his head "hung down." Blackwell then proceeded to his register. He "noticed that [respondent] had already left the bathroom and proceeded to exit the store." Blackwell did not see anyone enter the bathroom after that point. When he looked again, he noticed that after respondent "had exited the store nearest to the bathroom, he had then again reentered the store from the far end." When he "looked back around, the bag boy was yelling 'fire,' and smoke and flames were already coming out from the bathroom door." Blackwell heard someone yelling "fire" only a moment after respondent reappeared back into the building.

Dennis Franklin Pennix (Captain Pennix), an employee with the City of Greensboro Fire Department, Fire Prevention Bureau, testified for the State that he investigated the fire at the store. In the bathroom, "there was, of course, smoke damage. The garbage can itself, the trash can that was in the corner, was melted down completely." He observed in the back stall a "big round toilet paper holder that's plastic" and "two places on that toilet paper holder where it looked like someone had taken a lighter and tried to ignite it." He could not, however, find the ignition source to the fire, but the origin was the trash can in the men's bathroom. At the end of the State's evidence, respondent moved to dismiss.

After the trial judge expressed his opinion that he did not "believe that there's been any evidence of any burning of a building," he allowed both parties to argue whether "the burning of personal property is alleged by burning a building." The State argued that "personal property would be a lesser included offense of the building" while defense counsel stated "[i]f your honor rules that it is not a lesser included offense, they can rebring another petition and have another trial. There's no point in doing that. We'd agree to proceed on both charges regardless of the court's technical ruling." The court responded:

Well, I would allow the motion to dismiss at the close of the State's evidence as it relates to the charge of willfully and wantonly setting fire to a building, and I'm going to allow the State to proceed on the theory of willfully and wantonly setting fire to personal property.

After hearing from defense counsel, the trial court found that respondent "did unlawfully, willfully and feloniously set fire to personal property located in a building owned by Harris Teeter."

---

The issue presented by this appeal is whether a juvenile can be adjudicated delinquent on the grounds he set fire to personal property in violation of N.C. Gen. Stat. § 14-66 when the juvenile petition only alleged the unlawful setting of fire to a public building in violation of N.C. Gen. Stat. § 14-59.

N.C. Gen. Stat. § 7A-523(a) provides that "[t]he court has exclusive, original jurisdiction over any case involving a juvenile who is alleged to be delinquent, undisciplined, abused, neglected, or dependent." N.C.G.S. § 7A-523(a) (1989). The petition alleging delinquency may be amended "when the amendment does not change the nature of the offense alleged or the conditions upon which the petition is based." N.C.G.S. § 7A-627 (1989).

Although our Courts have not extensively addressed Section 7A-627, our Courts have interpreted Section 15A-922(f), which allows for amendment of a criminal warrant "when the amendment does not change the nature of the offense charged," to permit amendments "as long as the amended warrant does not charge the defendant with a different offense." N.C.G.S. § 15A-922(f) (1988); *State v. Clements*, 51 N.C. App. 113, 117, 275 S.E.2d 222, 225 (1981). Because juveniles are afforded certain due process protections guaranteed by both the federal and state constitutions, including the right to "be notified, in writing, of the specific charge or factual allegations to be considered at the hearing," *In re Gault*, 387 U.S. 1, 33, 18 L. Ed. 2d 527, 549 (1967), we construe Section 7A-627 to permit a juvenile petition to be amended only if the amended petition does not charge the juvenile with a different offense.

In this case, the burning of personal property in violation of Section 14-66 is not a lesser included offense of burning a public building in violation of Section 14-59. *State v. Pierce*, 208 N.C. 47, 49, 179 S.E. 8, 9 (1935). The trial court essentially amended

the juvenile petition by allowing the State to proceed on a theory of burning of personal property. Therefore, because amending the juvenile petition in this case would charge respondent with a different offense, the trial court erred by allowing the State to proceed on a theory of burning of personal property and by adjudicating respondent delinquent on the grounds he had set fire to personal property in violation of Section 14-66.

The State argues that respondent waived the benefit of this due process protection by "consenting to be tried for a slightly different offense arising out of the same operative facts"; however, we reject this argument because jurisdiction over the subject matter of a proceeding cannot be conferred by consent, waiver, or estoppel. *In re Peoples*, 296 N.C. 109, 144, 250 S.E.2d 890, 910 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979).

Vacated.

Judges JOHNSON and JOHN concur.