LEVINSON, Judge.
In March of 2003, a juvenile petition was issued against respondent P.R.G., age 16, charging him with felony larceny. The petition alleged respondent "did unlawfully and willfully steal, take and carry away: 1997 Dodge Van the personal property of Yadkin Valley Economic Development having a value of $4000.00." The matter came before the trial court on 10 April 2003. At the hearing, respondent admitted to felony breaking and entering a vehicle. Based upon respondent's admission, the trial court concluded "as a matter of law that [respondent] is a delinquent juvenile by reason of having committed this serious offense[.]" The State then moved to amend the petition to reflect a charge of breaking or entering a motor vehicle. The trial court granted themotion and instructed the State to write "[o]n the same petition but show it as a breaking and entering a motor vehicle[.]" The trial court subsequently found that respondent had seven delinquency history points and that the current offense was classified as serious. The trial court imposed a Level III disposition, committing respondent to a youth development center for a minimum of six months and a maximum of fifteen months. Respondent appeals.
Respondent contends the trial court lacked subject matter jurisdiction to accept his guilty plea and adjudicate him delinquent on the charge of breaking or entering a motor vehicle when the petition charged him with felony larceny. We agree.
Although respondent did not raise this issue at his adjudication hearing, jurisdiction may be challenged at any time. State v. Call, 353 N.C. 400, 429, 545 S.E.2d 190, 208 (2001). "[T]o sustain a conviction, an indictment needs `to give defendant sufficient notice of the charge against him, to enable him to prepare his defense, and to raise the bar of double jeopardy in the event he is again brought to trial for the same offense.'" State v. Hutchings, 139 N.C. App. 184, 190, 533 S.E.2d 258, 261 (2000) (quoting State v. Ingram, 20 N.C. App. 464, 466, 201 S.E.2d 532, 534 (1974). These same due process concerns extend to juvenile proceedings. See In re Chavis and In Re Curry and In Re Outlaw, 31 N.C. App. 579, 580, 230 S.E.2d 198, 199 (1976).
This Court considered a similar issue in In re Davis, 114 N.C. App. 253, 441 S.E.2d 696 (1994). In Davis, the juvenile was chargedwith the unlawful setting of fire to a public building in violation of N.C.G.S. § 14-59 in a juvenile petition. The trial court, however, allowed the State to proceed on the theory of setting fire to personal property in violation of N.C.G.S. § 14-66. The trial court then adjudicated the juvenile delinquent on the grounds that he set fire to personal property. This Court held that adjudicating the juvenile delinquent for an offense which is neither the crime charged in the juvenile petition nor a lesser included offense of the crime charged violated the juvenile's due process right to advance written notice of the charge to be considered by the trial court. The provisions of N.C.G.S. §7A-627 (now N.C.G.S. §7B-2400) did not provide a basis to save the adjudication, as a juvenile petition may be amended only if the amended petition does not charge the juvenile with a different offense. This Court rejected the State's argument that the juvenile consented to jurisdiction because "jurisdiction over the subject matter of a proceeding cannot be conferred by consent, waiver, or estoppel." Id. at 256, 441 S.E.2d at 698.
This case is governed by the principles of Davis. Because the amendment was not authorized by N.C.G.S. §7B-2400, the trial court was without subject matter jurisdiction to adjudicate P.R.G. delinquent for breaking and entering a motor vehicle. Accordingly, the order entered must be
Vacated.
Judges TIMMONS-GOODSON and CALABRIA concur.
Report per Rule 30(e).