IN THE MATTER OF M.G., M.B., K.R., J.R.

No. 36PA08

(Filed 28 August 2009)

**Child Abuse and Neglect— amendment to juvenile petition— sexual abuse allegation—nature of conditions of petition**

The trial court did not err by allowing the Department of Social Services's motion to amend a juvenile petition to add sexual abuse allegations relating to the minor child M.B. because: (1) the conditions upon which the petition was based included abuse, neglect, and dependency, and the additional allegations did not change the nature of the conditions upon which the petition was based; (2) the nature of abuse, based upon its statutory definition under N.C.G.S. § 7B-101(1), was the existence or serious risk of some nonaccidental harm inflicted or allowed by one's caretaker, and the additional facts still fell within the nature of the abuse condition that was initially alleged as they related to

**IN RE M.G., M.B., K.R., J.R.**

[363 N.C. 570 (2009)]

harm inflicted upon M.B. by a parent or caretaker; and (3) respondents had sufficient notice of the amendment well before the adjudicatory hearing, thus giving them time to prepare to answer the additional allegations. The case is remanded to the Court of Appeals for consideration of any assignments of error not addressed by that court in its previous opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 187 N.C. App. 536, 653 S.E.2d 581 (2007), affirming in part, reversing in part, and remanding in part an order entered on 8 March 2007 by Judge Edward A. Pone in District Court, Cumberland County. Heard in the Supreme Court 16 December 2008.

*Elizabeth Kennedy-Gurnee, Staff Attorney, for petitioner-appellant Cumberland County Department of Social Services; and Beth A. Hall, Attorney Advocate, for Guardian ad Litem.*

*Lisa Skinner Lefler for respondent-appellee mother.*

*Annick Lenoir-Peek, Assistant Appellate Defender, for respondent-appellee father.*

MARTIN, Justice.

We allowed discretionary review in this case to consider when an amendment to a juvenile petition "change[s] the nature of the conditions upon which the petition is based." N.C.G.S. § 7B-800 (2007).

On 18 May 2006, the Cumberland County Department of Social Services (DSS) filed a juvenile petition alleging that juveniles M.G., M.B., K.R., and J.R. were each abused, neglected, and dependent. *See* N.C.G.S. § 7B-101(1), (9), (15) (2007). The petition alleged abuse with specific reference to four subdivisions of N.C.G.S. § 7B-101(1): N.C.G.S. § 7B-101(1)(b) (creation or allowance of substantial risk of serious physical injury); N.C.G.S. § 7B-101(1)(d) (commission, permission, or encouragement of any of several enumerated sexual offenses); N.C.G.S. § 7B-101(1)(e) (creation or allowance of serious emotional harm); and N.C.G.S. § 7B-101(1)(f) (encouragement of delinquent acts involving moral turpitude by the juvenile). The petition contained numerous supporting factual allegations. No specific allegations regarding sexual abuse of M.B. appeared, however.

Many of the allegations in the petition referenced respondent-father Felix R. Felix R., who is the biological parent of K.R. and J.R.,

lived with respondent-mother Brandy G. and was a caretaker for all four children. During a medical evaluation on 17 July 2006, M.B. disclosed inappropriate sexual conduct by respondent-father. DSS subsequently moved on 5 December 2006 to amend its petition by adding M.B.'s disclosures of sexual abuse as factual allegations. Following a hearing on 4 January 2007, the trial court entered an order in open court allowing the motion to amend.

The trial court conducted the adjudicatory hearing on 19 and 20 February 2007. The trial court found as fact that M.B. had been subjected to sexual contact by respondent-father, along with other factual findings relating to abuse of M.B. such as respondent-father's commission of domestic violence in front of the children and his driving while drunk with the children in the vehicle. The trial court concluded that M.B. was abused according to the definition of abuse in N.C.G.S. § 7B-101(1). First, the trial court determined that M.B.'s parent or guardian committed, permitted, or encouraged the commission of one or more statutorily enumerated sexual offenses. *See id.* § 7B-101(1)(d). Second, the trial court found that a parent or guardian created or allowed a substantial risk of serious physical injury by nonaccidental means. *See id.* § 7B-101(1)(b).

The Court of Appeals vacated the trial court's order as to the finding that M.B. was abused as defined by N.C.G.S. § 7B-101(1)(d). *In re M.G.*, 187 N.C. App. 536, 548, 653 S.E.2d 581, 588 (2007). The Court of Appeals stated that the sexual abuse allegations relating to M.B. " 'change[d] the nature of the conditions upon which the petition [was] based,' " *id.* at 546-47, 653 S.E.2d at 587 (quoting N.C.G.S. § 7B-800), and thus, the trial court erred in allowing the DSS motion to add the allegations, *id.* at 547-48, 653 S.E.2d at 588. Specifically, the Court of Appeals concluded: "Because the new allegations gave rise to a different status for [M.B.] than alleged in the original petition, they violated N.C. Gen. Stat. § 7B-800 . . . ." *Id.* We disagree.

The dispositive issue is whether the additional allegations changed the "nature of the conditions upon which the petition is based." N.C.G.S. § 7B-800 ("The court may permit a petition to be amended when the amendment does not change the nature of the conditions upon which the petition is based."). In deciding whether the amendments did so, we must determine the meaning of the statutory language in sections 7B-800 and 7B-101(1). *See Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006) (stating that this Court will give effect to the plain meaning of a statute).

IN RE M.G., M.B., K.R., J.R.

[363 N.C. 570 (2009)]

Here, the conditions upon which the petition was based include abuse, neglect, and dependency. With regard to the issue before this Court, only the condition of abuse is relevant. The question is whether the additional allegations changed the nature of the condition alleged: abuse.

Because the relevant condition on which the petition was based is abuse, we must first determine the nature of that condition. Section 7B-101(1) defines the term "abused juvenile[]." N.C.G.S. § 7B-101(1). Six separate parts set out acts or omissions that support a finding of abuse. *Id.* A juvenile is considered "abused" when a "parent, guardian, custodian, or caretaker:"

a. Inflicts or allows to be inflicted upon the juvenile a serious physical injury by other than accidental means;

b. Creates or allows to be created a substantial risk of serious physical injury to the juvenile by other than accidental means;

c. Uses or allows to be used upon the juvenile cruel or grossly inappropriate procedures or cruel or grossly inappropriate devices to modify behavior;

d. Commits, permits, or encourages the commission of a violation of [one or more listed sexual offenses] by, with, or upon the juvenile . . . ;

e. Creates or allows to be created serious emotional damage to the juvenile . . . ; or

f. Encourages, directs, or approves of delinquent acts involving moral turpitude committed by the juvenile.

*Id.* There is a commonality present in these criteria. Each definition states that a juvenile is abused when a caretaker harms the juvenile in some way, allows the juvenile to be harmed, or allows a substantial risk of harm. The harm may be physical, *see* N.C.G.S. § 7B-101(1)(a), (b); emotional, *see id.* § 7B-101(1)(e), (f); or some combination thereof, *see id.* § 7B-101(1)(c), (d). Although several criteria are listed, they are both disjunctive and overlapping.[1] Certain

1. This is distinct from, for instance, the "nature of the offense alleged" referenced in determining whether an amendment to a delinquency petition will be allowed. N.C.G.S. § 7B-2400 (2007). The nature of the offense will typically be its elements. *See In re Davis,* 114 N.C. App. 253, 255-56, 441 S.E.2d 696, 698 (1994) (interpreting "nature of the offense" language in a predecessor statute, N.C.G.S. § 7A-627 (1989)). Thus, a department of social services could not amend a delinquency petition to add an offense with different elements.

allegations might justify a finding of abuse under several or even all of the criteria. We therefore hold that the nature of abuse, based upon its statutory definition, is the existence or serious risk of some nonaccidental harm inflicted or allowed by one's caretaker.

Having determined the nature of the condition of abuse, we now consider whether the additional allegations in this case changed the nature of the condition. DSS alleged in its initial petition that M.B. was abused. Specific factual allegations existed to support that finding under multiple criteria, including allowance of a risk of serious injury as well as infliction of emotional harm. The additional factual allegations related to inappropriate sexual contact between M.B. and respondent-father. The allegations supported a finding of abuse under N.C.G.S. § 7B-101(1)(d), but may also have justified that finding under N.C.G.S. § 7B-101(1)(b) (creation of a substantial risk of serious physical injury) or N.C.G.S. § 7B-101(1)(e) (creation of serious emotional harm). Both of the latter criteria were alleged and supported by specific allegations in the original petition. The additional facts still fell within the nature of the abuse condition that was initially alleged, as they related to harm inflicted upon M.B. by a parent or caretaker. Therefore, the allegations of sexual abuse did not change the nature of the condition when DSS had already alleged, with supporting facts, that M.B. was abused.

Often a juvenile may reveal additional incidents supporting a finding of abuse after the initial juvenile petition has been filed. Setting aside requirements of fairness and notice to the respondents, which must be satisfied in every case, the inclusion of these incidents via amendments to a petition alleging abuse will not typically change the nature of the conditions upon which the petition is based. We note that here, respondents had notice of the amendment well before the adjudicatory hearing. DSS filed the motion to amend on 5 December 2006. The trial court allowed the motion to amend following a hearing conducted on 4 January 2007, at which respondents were present and represented by counsel. The trial court specifically noted in its order allowing the amendment that the parties were aware of the additional factual allegations. The hearing on the juveniles' statuses began on 19 February 2007. Thus, respondents had sufficient notice and time to prepare to answer the additional allegations. We do not here address the situation in which a petitioner adds factual allegations at trial or with inadequate notice to a respondent.

The Court of Appeals reasoned that *In re D.C.*, 183 N.C. App. 344, 644 S.E.2d 640 (2007), required reversal in this case. *In re M.G.*, 187

**IN RE M.G., M.B., K.R., J.R.**

[363 N.C. 570 (2009)]

N.C. App. at 547-48, 653 S.E.2d at 587-88. The analysis used by the Court of Appeals in *In re D.C.*, while not binding on this Court, is instructive regarding what constitutes a "change" in the "nature of the conditions" alleged. N.C.G.S. § 7B-800. In that case, the original petition alleged only that the juvenile was dependent as defined in N.C.G.S. § 7B-101(9). *In re D.C.*, 183 N.C. App. at 346, 348-49, 644 S.E.2d at 641-43. At adjudication, however, the petitioner proceeded on a theory of neglect, *id.*, which is defined by a separate subsection, N.C.G.S. § 7B-101(15).. The trial court found the juvenile to be neglected. *In re D.C.*, 183 N.C. App. at 348, 644 S.E.2d at 642. Thus, the trial court essentially amended the petition by finding a condition, neglect, that had never been alleged before trial. *Id.* at 349, 644 S.E.2d at 643. The Court of Appeals also noted that, in addition to the absence of a formal allegation of neglect in the petition, the factual allegations supporting the dependency claim failed to clearly give notice that neglect was at issue. *Id.* at 350, 644 S.E.2d at 643. The Court of Appeals therefore reversed the finding of neglect. *Id.*

The amendment of the petition in the present case does not raise problematic issues similar to those in *In re D.C.* As a formal matter, the original petition alleged that each child, including M.B., was abused as defined in N.C.G.S. § 7B-101(1). It alleged in particular that the children were abused as defined in the subdivision referencing sexual abuse. Thus, unlike *In re D.C.*, in which the petition failed to allege the condition ultimately found, the original petition in this case stated that a claim of abuse was at issue with respect to M.B. Moreover, respondents here were aware well before the adjudicatory hearing that the additional factual allegations and a claim of abuse as defined in N.C.G.S. § 7B-101(1)(d) were at issue, unlike the respondent in *In re D.C.*, in which the petitioner proceeded on a different theory at adjudication than had been presented in the petition.

For the reasons stated above, we reverse the opinion of the Court of Appeals as to the issue before us on discretionary review. The remaining issues addressed by the Court of Appeals are not properly before this Court, and its decision as to those matters remains undisturbed. This case is remanded to the Court of Appeals for consideration of any assignments of error not addressed by that court in its previous opinion.

REVERSED IN PART AND REMANDED.