An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-617

Filed 20 May 2026

Forsyth County, No. 24JA000231-330

IN THE MATTER OF:

T.K.R.

Appeal by respondent-mother from order entered 5 March 2025 by Judge Thomas W. Davis, V in Forsyth County District Court. Heard in the Court of Appeals 10 March 2026.

> *Theresa A. Boucher, Deputy County Attorney for petitioner-appellee Forsyth County Department of Social Services.*
>
> *Sean P. Vitrano for appellant-respondent mother.*
>
> *Matthew D. Wunsche for Guardian ad Litem.*

DILLON, Chief Judge.

I.    Background

Tom[1] was born to Respondent-Mother ("Mother") who had five older children, all of whom were removed from her custody prior to the birth of Tom. Her parental

---

[1] A pseudonym.

rights to several of her older children have previously been terminated. *See, e.g., In re A.J., L.J., A.V.*, 295 N.C. App. 587 (2024) (unpublished). Here, she appeals from a disposition order eliminating reunification efforts as part of the permanency plan with respect to Tom.

Forsyth County Department of Social Services ("DSS") received a report with allegations that Tom was born prematurely at 34 weeks and was currently in the NICU. The report was made due to Mother's extensive history with DSS. When Mother met with the DSS Social Worker, she admitted to using marijuana during the pregnancy. During the investigation, the Social Worker also discovered that Mother had engaged in multiple risky behaviors and was not in compliance with her mental health and substance abuse treatment required by her current DSS plan for one of her older children.

On 8 October 2024, DSS filed a Juvenile Petition alleging Tom to be an abused and neglected juvenile pursuant to N.C.G.S. § 7B-101. Six days later, on 14 October 2024, the trial court entered an order granting DSS non-secure custody. On 13 December 2024, after a hearing on the matter, the trial court adjudicated Tom to be an abused and neglected juvenile. On 5 March 2025, the trial court entered a disposition order relieving DSS of the requirement to make reunification efforts with Mother and Tom pursuant to N.C.G.S. § 7B-901(c). Mother appealed.

## II. Analysis

The trial court adjudicated Tom to be neglected and abused. The trial court

then entered a disposition order eliminating reunification efforts as part of the permanency plan. Mother argues the trial court erred in eliminating reunification efforts as part of the permanency plan. We disagree.

Our General Assembly provides that a trial court may cease reunification efforts if it finds one of three grounds exists as codified in G.S. 7B-901(c). One of these statutory grounds is that "[a] court of competent jurisdiction has terminated involuntarily the parental rights of the parent to another child of the parent." N.C.G.S. § 7B-901(c)(2).

Here, the trial court based its order eliminating reunification efforts as part of the permanency plan based on subsection (c)(2) as well as under subsections (c)(1)(b) and (c)(1)(f).

The record shows that Mother's rights to several of her older children had been terminated previously. Accordingly, we conclude a ground existed to support the trial court's order.

We note Mother's contention that the trial court erred *at the adjudication stage*, specifically that there was no evidence to support the trial court's determination that she had abused Tom.

An "[a]bused" juvenile is one "whose parent, guardian, custodian, or caretaker" either "[i]nflicts or allows to be inflicted upon the juvenile a serious physical injury by other than accidental means." N.C.G.S. § 7B-101(1)(a). "There is a commonality present in these criteria. Each definition states that a juvenile is abused when a

caretaker harms the juvenile in some way, allows the juvenile to be harmed, or allows a substantial risk of harm. The harm may be physical; emotional; or some combination thereof." *In re M.G.*, 363 N.C. 570, 573 (2009). "At its core, the nature of abuse, based upon its statutory definition, is the existence or serious risk of some nonaccidental harm inflicted or allowed by one's caretaker." *In re A.J.L.H.*, 384 N.C. 45, 53 (2023) (internal quotation omitted). "The allegations in a petition alleging that a juvenile is abused, neglected, or dependent shall be proved [by the petitioner] by clear and convincing evidence." N.C.G.S. § 7B-805.

Here, the trial court made no finding that Mother *abused* Tom specifically or allowed a substantial risk of harm to Tom in any way. Because abuse of a sibling alone is not sufficient to adjudicate a child as abused without some additional factors, we vacate the trial court's decision adjudicating Tom as abused. However, Mother does not contest the trial court's decision adjudicating Tom as *neglected*; and we conclude there is sufficient evidence to support this determination. Thus, the trial court did not err in proceeding to the disposition phase. Therefore, we affirm the trial court's order eliminating reunification as a part of the permanency plan.

AFFIRMED.

Judges ZACHARY and COLLINS concur.

Report per Rule 30(e).